OPINION *Page 2 
{¶ 1} Appellant Karl A. Demmler appeals the decision of the Court of Common Pleas, Delaware County, which granted summary judgment in favor of Appellee Bank One in a foreclosure action. The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 17, 2004, appellee filed a complaint against appellant and several other defendants, seeking foreclosure of a recorded mortgage deed and judgment on the unpaid balance of a promissory note. On December 3, 2004, appellant filed an answer and counterclaim. Both sides thereafter filed motions for summary judgment, which were addressed at a hearing on November 14, 2006.
 {¶ 3} On January 19, 2007, the trial court issued a judgment entry, captioned "Findings and Opinion," granting summary judgment in favor of appellee. On February 20, 2007, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:
 {¶ 4} "I. THAT THE PROMISSORY NOTE WHICH IS BOTH THE OBJECT AND SUBJECT OF THE FORECLOSURE ACTION IS A NEGOTIABLE INSTRUMENT UNDER OHIO REVISED CODE SECTION 1303.03(A)(B)(D).
 {¶ 5} "II. THAT THE PLAINTIFF BANK ONE NA IS THE OWNER, HOLDER, AND IS IN POSSESSION AND CONTROL OF THE PROMISSORY NOTE THAT IS THE SUBJECT AND OBJECT OF THE FORECLOSURE ACTION. THAT THE EVIDENCE SHOWS THAT THE PAYMENTS ON THE NOTE ARE PAST DUE. THAT THE PROMISSORY NOTE IS LOST AND THAT ITS DISAPPEARANCE HAS BEEN SATISFACTORILY EXPLAINED. THAT DEFENDANT'S RIGHTS MAY BE ADEQUATELY PROTECTED SHOULD THE ORIGINAL SUBSEQUENTLY BE *Page 3 
FOUND. THAT ANGELO LOZANO'S AFFIDAVIT WAS ADMISSIBLE AS EVIDENCE TO ESTABLISH LOST PROMISSORY NOTE.
 {¶ 6} "III. THAT DEFENDANT'S POSITION IS KNOWN AS `VAPOR THEORY' AND IS NOT A VIABLE BASIS FOR SUCH CLAIM. SEE THE FRANCIS KENNY FAMILY VS. WORLD SAVINGS BANK, FSB (2005) CASE NO. C 04-03724 WHA CITED BY THE PLAINTIFF.
 {¶ 7} "IV. THAT THE SECURITY AGREEMENT IS NOT RESCINDABLE UNDER TITLE 12 PART 226 (REGULATION Z) SUBPART C — CLOSED-END CREDIT § 226.23(a)(h) (i)(ii) AND VOIDABLE UNDER RESTATEMENT OF THE LAW SECOND, CONTRACTS § 164(1)(2) FOR MISREPRESENTATION AND FRAUD."
 I., II. III., IV. {¶ 8} In his four Assignments of Error, appellant appears to challenge certain aspects of the trial court's "findings and opinion" entry of January 19, 2007.
 {¶ 9} We initially address whether a final appealable order is presently before this Court. See Ohio Constitution, Article IV, Section3(B)(2).
 {¶ 10} "A judgment entry ordering a foreclosure sale is a final, appealable order pursuant to R.C. 2505.02(B) if it resolves all remaining issues involved in the foreclosure. This includes the questions of outstanding liens, including what other liens must be marshaled before distribution is ordered, the priority of any such liens, and the amounts that are due the various claimants." MortgageElectronic Registration Systems, Inc. v. Green Tree Servicing, LLC, Summit App. No. 23723, 2007-Ohio-6295, ¶ 9 (emphasis added), citingSecond Natl. Bank of Warren v. Walling, Mahoning App. No. *Page 4 
01-C.A.-62, 2002-Ohio-3852, ¶ 18, citing Third Natl. Bank of Circlevillev. Speakman (1985), 18 Ohio St.3d 119, 120.
 {¶ 11} In the judgment entry under appeal in the case sub judice, the trial court stated in pertinent part as follows:
 {¶ 12} "* * * Absent any defenses presented by Defendant and supported by proper proof, Plaintiff is entitled to recover the amount due on the note and to have the mortgage foreclosed and the property sold. Plaintiffs motion should be granted on all issues except the amount due. While the Court finds that some substantial amount is due, the evidence presented did not satisfactorily demonstrate the total and the Court wishes to hear evidence in a manner and form which will allow an accurate determination of the amount due."
 {¶ 13} Thus, the trial court therein ruled that further evidence would be necessary to determine the amount owed to appellee-mortgagee, a fundamental question in an action seeking foreclosure and judgment on a note. We further note the court did not include Civ.R. 54(B) language in its entry. See, e.g., Feister v. Miller, Tuscarawas App. No. 2001 AP 02 0015, 2001-Ohio-1552, citing Noble v. Colwell (1989), 44 Ohio St.3d 92. We therefore hold the trial court's "findings and opinions" entry under these circumstances was at best a partial summary judgment which fails to qualify as a final appealable order. Accordingly, we lack jurisdiction to address appellant's assigned errors at this time. *Page 5 
 {¶ 14} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Delaware County, Ohio, is dismissed.
 Wise, J. Hoffman, P. J., and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Delaware County, Ohio, is dismissed.
 Costs assessed to Appellant. *Page 1