DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, Green Tree Servicing, LLC ("Green Tree"),[1]
appeals the *Page 2 
decision of the Summit County Court of Common Pleas, which denied its motion for relief from judgment. For the reasons set forth below, this Court dismisses the appeal for lack of a final, appealable order.
 I. {¶ 2} This appeal arises from a complaint in foreclosure filed by the appellee, Mortgage Electronic Registration Systems, Inc. ("MERS") on August 19, 2004, in the Summit County Court of Common Pleas. MERS was attempting to foreclose on property owned by George and Mary Aleksin located at 1204 Grandview Avenue, Akron, Ohio. Green Tree was named as a defendant in the foreclosure action. On October 31, 2004, the Aleksins filed for bankruptcy protection under Chapter 13 in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division. The Aleksins also filed an adversary action which in part sought to determine the priority of the mortgages held by MERS and Green Tree. Upon the Aleksins' filing for bankruptcy protection, the foreclosure action in the state court was stayed.
 {¶ 3} In March 2005, the bankruptcy court granted MERS limited relief from the bankruptcy court to proceed with obtaining judgment in the foreclosure action. On June 1, 2005, MERS filed a motion for summary judgment on the issue of lien priority between MERS and Green Tree. On July 25, 2005, Green Tree filed an untimely response to MERS' motion for summary judgment. On August 16, 2005, the magistrate issued an order striking Green Tree's response on the *Page 3 
grounds that it was untimely and finding that MERS had established that its mortgage was first in priority over Green Tree's claim.
 {¶ 4} The trial court did not take any action on the magistrate's order and in February 2006, the matter was again placed on the trial court's inactive docket due to the Aleksins' bankruptcy proceedings. The matter remained on the inactive docket until October 2006, when Green Tree filed a motion to schedule a pretrial status conference. On October 24, 2006, MERS filed a motion to reactivate the proceeding for a limited purpose. On November 16, 2006, Green Tree filed a motion for relief from judgment. MERS filed a memorandum in response to Green Tree's motion. On April 16, 2007, the trial court issued an order denying Green Tree's motion for relief from judgment and adopting the magistrate's order dated August 16, 2005. Green Tree timely filed an appeal, setting forth two assignments of error for review. On June 22, 2007, this Court asked Green Tree to explain why this appeal should not be dismissed for lack of a final, appealable order. The parties requested an order from the trial court to satisfy this Court's concerns, and the trial court issued another judgment entry on July 5, 2007, which declared that its entry was a final, appealable order, and included the language "NO JUST REASON FOR DELAY" as required by Civ.R. 54(B). *Page 4 
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION BECAUSE THE MAGISTRATE'S DECISION IS IN DIRECT CONFLICT WITH [R.C.] 5301.23."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION BECAUSE THE MAGISTRATE'S DECISION IS IN DIRECT CONFLICT WITH DECISIONS ISSUED BY THE NINTH DISTRICT COURT OF APPEALS."
 {¶ 5} An appeal from an order that is not final is not properly before this Court. The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries,Inc. (2000), 136 Ohio App.3d 211, 219.
 {¶ 6} An order is a "final order" subject to appeal under R.C.2505.02(B), when it may be reviewed, affirmed, modified, or reversed, with or without retrial, when it affects a substantial right in an action that in effect determines the action and prevents a judgment. R.C. 2505.02(B)(1). In determining whether a judgment is final, this Court considers the following:
 "The matters should be disposed of `such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined.' Daly v. Martin (May 14, 1997), 9th Dist. No. 2599-M, quoting Lavelle v. Cox (Mar. 15, 1991), 11th Dist. No. 90-T-4396 (Ford, J, concurring). See, also, In re Zakov (1995), 107 Ohio App.3d 716, 717 (stating that the trial court `must sufficiently address [the] issues so that the parties may *Page 5 
know of their rights and obligations by referring only to that document known as the judgment entry[ ]')." (Alterations sic.) Bergin v. Berezansky, 9th Dist. No. 21451, 2003-Ohio-4266, at ¶ 5.
 {¶ 7} Further, as this Court has explained, "[o]ne fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties." Harkai, 136 Ohio App.3d at 215.
 {¶ 8} In the present matter, Green Tree appealed from the trial court's April 16, 2007 order denying its motion for relief from judgment and finding that MERS is first in priority with regard to the foreclosure action. The denial of a properly filed Civ.R. 60(B) motion for relief from judgment is considered to be a final, appealable order.Colley v. Bazell (1980), 64 Ohio St.2d 243, 245. A motion to vacate under Civ.R. 60(B), however, lies only from a "final judgment [or] order[.]" Civ.R. 60(B). "It logically follows from the language of the rule, that a motion to vacate is improper in the event a trial court is not presented with a final judgment." Phoenix Office Supply Co. v.Little Forest Nursing Ctr. (Feb. 24, 2000), 7th Dist. No. 99 CA 15. A motion to vacate will not create a final judgment where none previously existed. Id. (holding that the denial of a motion to vacate an order that lacked necessary Civ.R. 54(B) language was not final).
 {¶ 9} A judgment entry ordering a foreclosure sale is a final, appealable order pursuant to R.C. 2505.02(B) if it resolves all remaining issues involved in the foreclosure. This includes the questions of outstanding liens, including what *Page 6 
other liens must be marshaled before distribution is ordered, the priority of any such liens, and the amounts that are due the various claimants. Second Natl. Bank of Warren v. Walling, 7th Dist. No. 01-C.A.-62, 2002-Ohio-3852, at ¶ 18, citing Third Natl. Bank ofCircleville v. Speakman (1985), 18 Ohio St.3d 119, 120. An order that declares the priority of liens, but does not order a foreclosure sale does not resolve all of the issues involved in the foreclosure. A determination as to the priority of liens is part of the foreclosure action, not a separate claim. Based upon this Court's determination, the trial court's subsequent addition of Civ.R. 54(B) language has no effect as Civ.R. 54(B) only applies when a claim has been adjudicated. As noted herein, foreclosure presents only one claim and, thus, Civ.R. 54(B) is inapplicable. The trial court's April 16, 2007 order merely states that MERS is first in priority over Green Tree. It does not order a foreclosure sale and, therefore, does not constitute a final, appealable order. Therefore, this Court lacks jurisdiction to address this appeal.
 III. {¶ 10} This Court finds that we lack subject matter jurisdiction to decide the merits of the assignments of error because our jurisdiction was not properly invoked. The trial court's order dated April 1, 2007, is not a final, appealable order. Appellant's appeal is dismissed.
 Appeal dismissed. *Page 7 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
WHITMORE, P. J. and DICKINSON, J., Concur.
[1] George and Mary Aleksin and Steen Electric, Inc., were also named as defendants in the underlying action. However, Green Tree is the sole appellant on appeal. *Page 1