[Cite as *Goodman v. Schneider*, 2012-Ohio-5412.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96922

---

## DAVID GOODMAN,[1] DIRECTOR, OHIO DEPARTMENT OF COMMERCE, ET AL.

### PLAINTIFFS

vs.

## JOANNE C. SCHNEIDER, ET AL.

### DEFENDANTS

## [APPEAL BY CITY OF PARMA HEIGHTS LAND DEVELOPMENT, LLC]

### JUDGMENT:
### DISMISSED

---

[1]The original caption of this case was *Doug White, Director, Ohio Department of Commerce v. Joanne C. Schneider, et al.* In accordance with App.R. 29(C), the court substitutes David Goodman, the present Director of the Ohio Department of Commerce, for Doug White.

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-548887, CV-555252, CV-555408, CV-555412,
CV-558095, CV-559117, CV-559879, CV-560633, CV-564814,
CV-569073, CV-571494, CV-572965, and CV-592402

**BEFORE:** Stewart, P.J., Sweeney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 21, 2012

**ATTORNEYS FOR INTERVENOR-DEFENDANT/APPELLANT CITY OF PARMA HEIGHTS LAND DEVELOPMENT, LLC**

Thomas J. Scanlon
Tim L. Collins
Harvey Labovitz
Julie A. Perkins
Collins & Scanlon LLP
3300 Terminal Tower
50 Public Square
Cleveland, OH    44113

**ATTORNEYS FOR INTERVENOR-DEFENDANT/APPELLEE CITY OF PARMA HEIGHTS, OHIO**

Michael D. Pokorney
Director of Law
City of Parma Heights, OH

BY:    Charles T. Riehl
        Darrell A. Clay
        Aimee W. Lane
Walter & Haverfield, LLP
3500 Tower at Erieview
1301 E. 9th Street
Cleveland, OH    44114

**ATTORNEYS FOR THE HOME SAVINGS AND LOAN COMPANY OF YOUNGSTOWN, OHIO**

Richard J. Thomas
Jeremy R. Teaberry
Joseph A. Pope
Henderson, Covington, Messenger and Thomas Co., L.P.A.
6 Federal Plaza Central, Suite 1300
Youngstown, OH    44503

Michael J. Sikora, III
Richard T. Craven
Sikora Law LLC
8532 Mentor Avenue
Mentor, OH 44060

**ATTORNEYS FOR PLAINTIFF MARY TAYLOR, LIEUTENANT GOVERNOR/OHIO DEPARTMENT OF SECURITIES, DIVISION OF SECURITIES**

Mike DeWine
Ohio Attorney General

BY:    Michael J. Lampke
Deputy Attorney General
Executive Agencies Section
30 E. Broad Street, Floor 26
Columbus, OH    43215

Michael R. Stavnicky
Singerman, Mills, Desberg & Kauntz Co., LPA
3333 Richmond Road, Suite 370
Beachwood, OH    44122

**ATTORNEY FOR DEFENDANT R.W. SIDLEY, INC.**

John J. Hurley
Nelson, Sweet & Hurley
8 North State Street, Suite 201
Painesville, OH 44077

**ATTORNEYS FOR RECEIVER**

M. Colette Gibbons
Robert M. Stefancin
Ice Miller, LLP
Fifth Third Center
600 Superior Avenue, East, Suite 1701
Cleveland, OH    44114

Jonathon M. Yarger
Victor D. Radel
Yarger, Radel & Pentz, LLC
1111 Superior Avenue, Suite 530
Cleveland, OH    44114

**ATTORNEYS FOR McGILL PROPERTY GROUP, LLC AND JOHN McGILL**

Dale H. Markowitz
David M. Ondrey
Thrasher, Dinsmore & Dolan
100 7th Avenue, Suite 150
Chardon, OH 44024

Robert J. Dubyak
Dubyak, Connick, Sammong, Thompson & Bloom, LLC
3401 Enterprise Parkway, Suite 205
Cleveland, OH    44122

Timothy J. Weyls, Jr.
Weyls Peters, L.L.C.
6505 Rockside Road, Suite 300
Independence, OH    44131

**ATTORNEYS FOR DEFENDANT RICHARD SENSENBRENNER, CUYAHOGA COUNTY TREASURER**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Colleen Majeski
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor

Cleveland, OH    44113

**ATTORNEY FOR SKY BANK, AS SUCCESSOR**

Jerry M. Bryan
Henderson, Covington, Messenger and Thomas Co., L.P.A.
6 Federal Plaza Central, Suite 1300
Youngstown, OH    44503

**ATTORNEY FOR DEFENDANT TYCOR ROOFING, INC.**

R. Clint Zollinger
Day Ketterer
Millennium Centre
200 Market Avenue North, Suite 300
P.O. Box 24213
Canton, OH    44701

**ATTORNEYS FOR DEFENDANT HARRINGTON ELECTRIC CO.**

Audra J. Zarlenga
Daniel M. Haymond
Mark A. Smith
Robert S. Lewis
Thompson Hine LLP
127 Public Square
3900 Key Center
Cleveland, OH    44114

**ATTORNEYS FOR DEFENDANT DONLEY'S INC.**

Allison E. Taller
Barry J. Miller
Jean Kerr Korman
Benesch, Friedlander, Coplan & Aronoff, LLP
200 Public Square
2300 BP Tower
Cleveland, OH    44114

**ATTORNEYS FOR DEFENDANTS TOMKO METAL FABRICATING, INC. AND NORTHERN VALLEY CONTRACTORS COMPANY, INC.**

Erin K. Walsh
Jerome W. Cook
Richard W. Cline
McDonald Hopkins Co., LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH   44114

**ATTORNEY FOR DEFENDANT NORTHERN VALLEY CONTRACTORS COMPANY, INC.**

Joseph N. Isabella
921 Literary Road
Cleveland, OH   44113

**ATTORNEYS FOR CLEVELAND CONSTRUCTION, INC.**

David Honig
Daniel R. Wireman
James D. Ludwig
Cleveland Construction, Inc.
5390 Courseview Drive
Mason, OH   45040

**ATTORNEYS FOR GQ CONTRACTING CO., LLC**

Timothy J. Duff
Gary F. Werner
Berns, Ockner & Greenberger
3733 Park East Drive, Suite 200
Beachwood, OH   44122

**ATTORNEY FOR TIMOTHY KREUZER**

Sara M. Donnersbach
Weltman, Weinberg, Reis & Co., LPA
323 W. Lakeside Avenue, Suite 200
Cleveland, OH   44113
**ATTORNEY FOR LORAIN GLASS CO., INC.**

James W. Moennich
Wickens, Herzer, Panza, Cook & Batista
35765 Chester Road

Avon, OH    440111

**ATTORNEY FOR STEINGASS MECHANICAL CONTRACTING**

Michael L. Fortney
Fortney & Klingshirn
4040 Embassy Parkway, Suite 280
Akron, OH 44333

**FOR DEFENDANT**

Joanne C. Schneider
P.O. Box 30279
Middleburg Heights, OH 44130

MELODY J. STEWART, P.J.:

{¶1} Intervenor-appellant Parma Heights Land Development, LLC ("PHLD") appeals from an order denying its motion for summary judgment on its request that the court extinguish a lien claimed by appellee city of Parma Heights against property owned by PHLD.[2] The court held that there were "questions of law and fact" on the issue. PHLD's two assignments of error collectively challenge the court's refusal to grant summary judgment.

---

[2] Home Savings and Loan Company has filed an "appellee's" brief in this appeal, but it has no standing to do so. The notice of appeal filed by PHLD challenges only that part of the court's order that refused to grant summary judgment on legal issues relating to the city's special assessment. Home Savings and Loan Company is involved in other aspects of this litigation, particularly with respect to lien priority, but it has no obvious interest in the outcome of the legal questions posed by the special assessment.

**{¶2}** We find that the order denying summary judgment is not a final appealable order.

I

**{¶3}** The subject matter of this case relates to the failure of the Cornerstone development project in the city of Parma Heights. Cornerstone was a residential/retail development project financed with a combination of private and public funds. The co-owners of the project, Joanne and Alan Schneider, recruited investors for the project, but those investments were used to support a Ponzi scheme that Joanne, who was also the project manager, was running. When the Ponzi scheme collapsed, so did the funding for Cornerstone. The development was cancelled, and Joanne Schneider eventually pleaded guilty to a number of criminal charges. Investors and contractors scrambled to recover what they could from Schneider's assets, with the ensuing litigation centering on the priority of liens against her remaining assets.

**{¶4}** The assets of the Cornerstone project consisted of three different entities owned by Schneider: Pearl Development Co., LLC, Ruby Development Co., LLC, and Garnet Development Co., LLC. These assets were put under the control of a court-appointed receiver who was to auction off those assets. In June 2006, the court set forth the auction procedures and, in doing so, precluded any claims on the property. The court stated:

> Without prior consent from the Court, all creditors, claimants, bodies politic, parties in interest, and their respective attorneys, servants, agents, and employees, and all other persons, firms and corporations be, they hereby are, jointly and severally, enjoined and stayed from (1) commencing

or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against the Receivership Assets, or against the Receiver in any court, and (b) from executing or issuing or causing the execution or issuance out of any court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with the Receiver in the discharge of his duties in this proceeding or with the exclusive jurisdiction of this Court over the Receivership Assets and the said Receiver.

{¶5} The court also gave the receiver permission to sell the Cornerstone assets free and clear of any claims, stating:

The Court further finds that the sales of the properties shall be free and clear of all liens, claims and encumbrances (for purposes hereof, easements, covenants and restrictions of record which do not secure the repayment of money shall not be included as a lien, claim or encumbrance subject hereto). Accordingly, all such liens, claims and encumbrances which now exist or are hereafter placed of record prior to the date of sale on or against the properties shall be, and they hereby are, extinguished as liens, claims and encumbrances against the properties; rather, the liens, claims and encumbrances against a particular property will attach to the net proceeds of the sale of that property. All such net proceedings from the sale of a Property will be held in a separate interest bearing account until further order of the Court.

{¶6} The Cornerstone properties were sold at auction in November 2006 to the McGill Property Group, LLC. The receiver asked the court to authorize the sale "free and clear of liens, claims, and encumbrances and to transfer the interests of lienholders to the proceeds of the sale." The court confirmed the sale on January 2, 2007, and, consistent with the terms of the purchase agreement entered into at the auction, stated:

4. The sale of the Properties to the Buyer shall be free and clear of any lien, claim, or encumbrance whether known or unknown, liquidated or unliquidated, contingent or otherwise, including but not limited to those liens and encumbrances expressly identified and included in the title commitment issued with respect to the Properties and incorporated by

reference in this Order * * *.  Sale of the Property shall be free and clear of any and all asserted or unasserted, known or unknown, statutory or contractual * * * assessments and governmental funded improvements whether assessed or not, including assessments that can be filed or certified for inclusion on the County Auditor's tax duplicate now or in the future for any improvements already made to or for the benefit of the Properties. Any and all valid and enforceable liens, claims or encumbrances of the Properties, including but not limited to any liens or claims arising from any assessments, liens or taxes, or the provisions of any governmentally funded improvements, whether assessed or not, shall be transferred, fixed and attached to the net proceeds of the sale of the Properties, with the same validity, priority, force and effect as such liens and/or claims had upon the properties immediately prior to the closing.

{¶7} Following the sale, McGill assigned its rights to Cornerstone properties to PHLD.

{¶8} In November 2006, after the sale to McGill had been completed, McGill learned that the city had placed a special assessment on the property in order to recoup public funds it expended to improve the site for construction.  That assessment was passed by Parma Heights Ordinance No. 2006-16 in May 2006.  At the time the city passed the ordinance, Martin Zanotti, the mayor of Parma Heights, knew that the court had ordered the sale of the Cornerstone properties "free and clear" of liens and encumbrances.  All told, the special assessment would raise $4,137,557.72.  The ordinance was certified to the county auditor in October 2006.  The city claimed that the special assessment was in essence a tax on the property; thus, giving the assessment "super" priority over all other liens and claims.

{¶9} PHLD argued that the city's special assessment was invalid because the court granted the receiver permission to sell the Cornerstone properties free and clear of any

liens or encumbrances, either present or future. It also argued that the court erred by refusing to enforce its order that the Cornerstone properties be sold free and clear of any liens. The city argued that the court had no authority to authorize a receiver to sell receivership property free and clear of a lien for an unpaid municipal special assessment and that by doing so, the court essentially prohibited the city from imposing its special assessment.

{¶10} When denying PHLD's motion for summary judgment, the court stated that there were "questions of law and fact." However, the court did not state what questions remained for resolution.

## II

{¶11} R.C. 2505.02 defines a final order as, among other things, an order that affects a substantial right in an action that in effect determines the action and prevents a judgment.

{¶12} Ordinarily, an order denying a motion for summary judgment is not a final, appealable order because it does not determine the action. *Nayman v. Kilbane*, 1 Ohio St.3d 269, 271, 439 N.E.2d 888 (1982). We have held, however, that an order determining the priority of liens, but not ordering foreclosure and sale, is final and appealable, even if the court has not yet ordered foreclosure or sale of the property. *TCIF Reo GCM, LLC v. Natl. City Bank*, 8th Dist. No. 92447, 2009-Ohio-4040, ¶ 13; *Bank of Am. NA v. Omega Design/Build Group, LLC*, 1st Dist. No. C-100018, 2011-Ohio-1650, ¶ 16.

**{¶13}** Some of the companion appeals to this case do raise questions of lien priority, so they potentially fall within the rule set forth in *TCIF Reo GCM*. This case, however, does not. The question presented on summary judgment was whether the court should have declared that the Cornerstone properties were sold free and clear of any liens, including any special assessments levied by the city. This issue does not involve a *priority* dispute between lienholders, but whether the court-authorized conditions of sale allowed PHLD to take the properties free and clear of the city's special assessment. This issue does not involve the priority of liens, so it falls outside the rule of appealability set forth in *TCIF Reo GCM*.

**{¶14}** It follows that the order denying the motion for summary judgment was not final and appealable under R.C. 2505.02. We therefore lack jurisdiction to hear this appeal.

**{¶15}** Appeal dismissed.

It is ordered that appellee, City of Parma Heights, recover of appellant, PHLD, its costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KENNETH A. ROCCO, J., CONCUR