[Cite as *Cleveland Constr., Inc. v. Schneider*, 2012-Ohio-5707.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 96911, 97352, 97361 and 97513**

---

# CLEVELAND CONSTRUCTION, INC.

PLAINTIFF-APPELLANT

vs.

# JOANNE C. SCHNEIDER, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:
AFFIRMED IN PART; REVERSED IN PART;
REMANDED**

---

Civil Appeals from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-548887, CV-555252, CV-555408, CV-555412, CV-558095,
CV-559117, CV559879, CV-560633, CV-564814, CV-569073, CV-571494,
CV-572965 and CV-592402

**BEFORE:** Rocco, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** December 6, 2012

**For Cleveland Construction, Inc.**

David Honig
James D. Ludwig
Daniel R. Wireman
Cleveland Construction, Inc.
5390 Courseview Drive
Mason, Ohio 45040

**For Tycor Roofing**

Alex J. McCallion
R. Clint Zollinger
Millennium Centre - Suite 300
200 Market Avenue, North
P.O. Box 24213
Canton, Ohio 44701-4213

**For Receiver**

Jonathon M. Yarger
Yarger, Radel & Pentz
1111 Superior Avenue
Suite 530
Cleveland, Ohio 44114

M. Collette Gibbons
Robert M. Stefancin
Ice Miller, LLP
600 Superior Avenue, East
Suite 1701
Cleveland, Ohio 44114

**For City of Parma Heights**

Charles T. Riehl
Walter & Haverfield LLP

Tower at Erieview, Suite 3500
1301 East Ninth Street
Cleveland, Ohio 44114

**For Home Saving & Loan Co. Youngstown**

Jeremy R. Teaberry
John T. Heino
Richard J. Thomas
Henderson, Covington, Messenger, Newman & Thomas Co., LPA
6 Federal Plaza Central, #1300
Youngstown, Ohio 44503

Richard T. Craven
Michael T. Huff
Michael J. Sikora, III
MacAllister A. West
Sikora Law LLC
8532 Mentor Avenue
Mentor, Ohio 44060

Ann Marie Johnson
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, Ohio 43216

**For McGill Property Group, LLC, et al**.

Dale H. Markowitz
David M. Ondrey
Thrasher, Dinsmore & Dolan
100 7th Avenue
Suite 150
Chardon, Ohio 44024

Robert J. Dubyak
Dubyak Connick Sammon
Thompson & Bloom, LLC
3401 Enterprise Pkwy., Suite 205
Cleveland, Ohio 44122-7341

Timothy J. Weyls, Jr.
Weyls Peters, LLC
6505 Rockside Road
Suite 300
Independence, Ohio 44131

**For Ohio Dept. of Securities**

Mike DeWine
Ohio Attorney General
By:   Matthew J. Lampke
Deputy Attorney General
Executive Agencies Section
30 East Broad Street, 26th Floor
Columbus, Ohio 43215-3428

Michael R. Stavnicky
Singerman, Mills, Desberg & Kauntz
3333 Richmond Road
Suite 370
Beachwood, Ohio 44122

**For Parma Heights Land Development**

Tim L. Collins
Harvey Labovitz
Thomas J. Scanlon
Collins & Scanlon LLP
3300 Terminal Tower
50 Public Square
Cleveland, Ohio 44113

**For City of Parma Heights**

Darrell A. Clay
Walter & Haverfield LLP
Tower at Erieview, Suite 3500
1301 East Ninth Street

Cleveland, Ohio 44114

**For Pearl Land Development Co., LLC**

Victor D. Radel
Yarger, Radel & Pentz, LLC
1111 Superior Avenue, Suite 530
Cleveland, Ohio 44114

**For Fiscal Officer**

Wade Steen
Fiscal Officer

By:   Colleen Majeski
Assistant County Prosecutor
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} These four consolidated appeals challenge the judgment entries of

the Cuyahoga County Court of Common Pleas in thirteen consolidated

underlying cases that determined the priority of several liens[1] filed against the property parcels collectively known as the "Cornerstone Development"[2] located in Parma Heights, Ohio.

{¶2} In App. No. 96911, defendant-appellant Home Savings and Loan Company of Youngstown, Ohio ("HSL") appeals from the trial court entry dated May 16, 2011. A portion of the trial court's opinion and order of that date determined that HSL's mortgage lien on two of the parcels, the "Ruby" and the "Garnet," had priority "as against all subsequently filed mechanic's liens, material supplier's liens and all similar liens," but the mechanic's liens had priority on the third, viz., the "Pearl." However, the trial court's May 16, 2011 entry contained internal discrepancies.

{¶3} On August 11, 2011, during the pendency of App. No. 96911, this court issued an order sua sponte that returned the underlying cases to the trial court for a limited remand to address the discrepancies; the trial court

---

[1]This court has found based upon Ohio Supreme Court precedent that a trial court order that determines the priority of liens with respect to real property is a final order. *TCIF REO GCM, L.L.C. v. Natl. City Bank*, 8th Dist. No. 92447, 2009-Ohio-4040, ¶ 14. Other Ohio appellate districts have found otherwise. *See, e.g., Ameriquest Mtg. Co. v. Middlebrooks*, 6th Dist. No. L-06-1006, 2007-Ohio-93. *But see Bank of Am. v. Omega Design/Build Group, L.L.C.*, 1st Dist. No. C-100018, 2011-Ohio-1650, ¶ 18. Although this court is constrained to follow its own precedent, the confusion extant in these cases demonstrates the inherent problems involved in permitting such appeals to proceed, especially when orders of "limited remand" are made during the pendency of the appeal.

[2]The "Cornerstone Development" consisted of three real estate properties. Two single parcels are referred to as the "Ruby" and the "Garnet," while the third,

issued a judgment entry dated August 29, 2011[3] that purported to clarify the May 16, 2011 order. Instead, the trial court reversed its prior opinion and order. The trial court judgment entry stated that HSL "has priority of its liens as against all lienholders" on the "Pearl" property and that "[t]o the extent that the court's May 16, 2011 opinion and order held otherwise, the order is corrected consistent with the above."

{¶4} On September 14, 2011, HSL filed a motion in the trial court "to partially vacate" the trial court's August 29, 2011 judgment entry based upon what appeared to be a Civ.R. 60(A) mistake in referencing. On September 19, 2011, this court, once again, issued a sua sponte order that remanded the underlying cases to the trial court for a ruling on "the motion to partially vacate the opinion and order regarding priority of liens."

{¶5} On September 27, 2011, plaintiff-appellant Cleveland Construction, Inc. ("CCI") filed an appeal in this court, designated App. No. 97352, from the trial court's order dated August 29, 2011, because the latter order had significantly changed the priority of CCI's mechanic's lien on the

comprised of several parcels, is referred to as the "Pearl."

[3]The trial court entered an identical order in some of the underlying cases the following day. Because all of the appeals from the August 2011 order were timely filed from the first order, this court hereinafter simply will use the date of the first journal entry.

Pearl property from the decision the trial court rendered in the May 16, 2011 order. HSL filed a cross-appeal.

{¶6} On September 29, 2011, for the same reason as did CCI, defendant-appellant Tycor Roofing, Inc. ("Tycor") filed an appeal in this court, designated App. No. 97361, from the August 29, 2011 order.[4] HSL filed a cross-appeal.

{¶7} During the remand, on October 5, 2011, the trial court issued a journal entry that denied HSL's motion to partially vacate the August 29, 2011 order. On November 4, 2011, HSL filed an appeal from the trial court's October 5, 2011 order that was designated App. No. 97513.

{¶8} In App. Nos. 96911 and 97513, and in its cross-appeals, HSL presents four assignments of error. The first, second, and fourth challenge the May 16, 2011 opinion and order. First, HSL argues that the trial court wrongly applied R.C. 1311.13(A), rather than R.C. 1311.14, in the May 16, 2011 order with respect to the priority of liens on the Pearl property. Second, HSL argues the trial court erred in considering certain evidence CCI attached to its dispositive motion. HSL further argues that, if R.C. 1311.14 does not apply, then the doctrine of equitable subrogation supported the priority of its lien on the Pearl property.

---

[4]None of the other parties who asserted mechanic's liens on the Cornerstone property has appealed from that order.

{¶9} HSL's third assignment of error challenges the trial court's August 29, 2011 judgment entry. HSL argues that the trial court incorrectly identified the "JAM [sic] Lawndale Mortgage" as the mortgage that HSL's loan satisfied that encumbered the Pearl property and also stated too broadly that its lien had "priority as against all lienholders."

{¶10} In its August 29, 2011 judgment entry, the trial court corrected the error HSL points out in its first assignment of error, thus rendering that assignment of error moot. Similarly, the trial court's August 29, 2011 decision pursuant to R.C. 1311.14 in HSL's favor renders its fourth assignment of error moot. Because the trial court's decisions with respect to admission of evidence did not prejudice HSL, HSL's second assignment of error is overruled. HSL's third assignment of error is sustained in part, because the record supports the conclusion that in its August 29, 2011 judgment entry concerning the Pearl property, the trial court misidentified the mortgage that HSL's loan satisfied. Issues concerning the amounts of liens, however, are not ripe for this court's review.

{¶11} In App. No. 97352, CCI presents four assignments of error. CCI argues that the trial court's August 29, 2011 judgment must be reversed because: (1) HSL did not sustain its burden to prove its lien was recorded in compliance with R.C. 1311.14 requirements; (2) the trial court acted improperly in failing to rule on the issue of whether HSL made a proper R.C.

1311.14 "distribution"; (3) the priority of HSL's lien was stated too broadly; and (4) in declaring the priority of HSL's lien, the court necessarily declared its validity, thus going beyond what the court originally advised the parties the court would determine by summary judgment. Pursuant to this court's disposition of HSL's appeals and cross-appeals, CCI's first, second, and fourth assignments of error lack merit. Consistent with this court's disposition of HSL's third assignment of error, CCI's third assignment of error is sustained in part.

{¶12} In App. No. 97361, Tycor presents one assignment of error. Tycor argues that HSL failed to sustain its R.C. 1311.14 burden, therefore, the trial court's August 29, 2011 judgment entry improperly reversed the May 16, 2011 order with respect to the priority of HSL's lien over the mechanics' liens. Based upon this court's disposition of HSL's appeals and cross-appeals and of CCI's assignments of error, Tycor's assignment of error lacks merit.

{¶13} In conclusion, in App. No. 96911, the trial court's order of May 16, 2011, is affirmed in part as to the priority of the court-appointed receiver, but reversed as to the priority of liens between HSL and the contractors on the Pearl property; the trial court subsequently corrected that portion in its August 29, 2011 judgment entry.

{¶14} In App. Nos. 97352 and 97361, the trial court's order of August 29, 2011, is affirmed in part and reversed in part; the portion of the trial

court's August 29, 2011 order that determined HSL's lien had priority over the mechanics' liens with respect to the Pearl property is affirmed, but the order is reversed as to its reference to the "JAM [sic] Lawndale" mortgage.

{¶15} In App. No. 97513, the trial court's order of October 5, 2011, is affirmed in part with respect to the trial court's failure to address the amount of HSL's lien, but reversed in part as to the court's refusal to correct the reference in the August 29, 2011 judgment entry to the "JAM [sic] Lawndale" mortgage.

{¶16} These cases are remanded for further proceedings consistent with this opinion.

{¶17} These civil cases constitute some of the many court proceedings that arose as a result of a "Ponzi" investment scheme instigated by Joanne and Alan Schneider. *See Fornshell v. Roetzel & Andress, L.P.A.*, 8th Dist. Nos. 92132 and 92161, 2009-Ohio-2728; *Cleveland Constr., Inc. v. Roetzel & Andress, L.P.A.*, 8th Dist. No. 94973, 2011-Ohio-1237. These cases concern the part of the scheme that involved three real estate properties, viz., the Pearl (itself comprised of several parcels), the Ruby, and the Garnet, upon which the Schneiders proposed a mixed-use development known as the Cornerstone Project. The project would have revitalized a large portion of the city of Parma Heights, Ohio.

{¶18} According to the documentary evidence contained in the record, the following facts are undisputed. Until January 2, 2003, an entity called J.A.M. Pearl Co., L.L.C., had title to one of the parcels of property that comprises the "Pearl" property, and J.A.M. Lawndale Co., L.L.C. had title to a different piece of property, both of which subsequently became part of the Cornerstone project.

{¶19} On that date, J.A.M. Pearl conveyed the property to the Schneiders. J.A.M. Lawndale also conveyed a piece of property to the Schneiders. The Schneiders later formed the Pearl Development Co. ("PDC").

{¶20} The Schneiders' purchase of the property that subsequently formed the Cornerstone project was secured by two mortgages, one for over two million dollars in favor of J.A.M. Pearl, and another in the amount of $445,990.01 in favor of J.A.M. Lawndale. These mortgages and the deed conveying the property from J.A.M. Pearl to the Schneiders were recorded on January 9, 2003.

{¶21} In March 2003, the Schneiders approached CCI with respect to the Cornerstone project. Soon thereafter, CCI entered into a contract with PDC to provide construction management for the project.

{¶22} On April 30, 2003, the Schneiders conveyed the property they had previously acquired from J.A.M. Pearl by quitclaim deed to PDC. This deed was recorded on May 20, 2003.

{¶23} The Schneiders' project became newsworthy when PDC began applying to the city for zoning and building permits. In late June 2003, CCI began to perform some preparation of the proposed construction site by placing an office trailer and "dumpsters" on the property and beginning interior demolition of the building that occupied the site.

{¶24} Over the next several days, CCI obtained and erected a chain-link fence to surround the property, and placed signs on the fence advertising the planned construction. Although building permits were not yet issued for the construction, the city decided that a groundbreaking ceremony would take place on July 11, 2003. CCI prepared for the ceremony.

{¶25} CCI ordered and placed on the site those items it deemed necessary for the ceremony, i.e., decorative pennants, "Porta Potties," and sand bags. CCI also procured for the mayor's symbolic use, heavy equipment in the form of a "Front End Loader and a Scissor Lift."

{¶26} On July 9, 2003, PDC, through its president, Joanne Schneider, executed an open-end mortgage and security agreement with HSL in the amount of $3,700,000.00. This mortgage was secured in part by the Pearl property and was filed with the county recorder on July 10, 2003.

{¶27} From the proceeds of the loan from HSL, PDC used $2,802,627.20 to satisfy the J.A.M. Pearl mortgage. J.A.M. Pearl executed a "Satisfaction of Mortgage" dated July 11, 2003.

{¶28} On July 11, 2003, the city issued the first construction permits for the site. The groundbreaking ceremony took place as planned. On July 18, 2003, both J.A.M. Pearl and J.A.M. Lawndale filed with the county recorder "Satisfaction of Mortgage" documents on their respective properties.

{¶29} Construction proceeded, but by the end of 2004, before the project was completed, the Schneiders' investment scheme had fallen apart. On December 4, 2004, CCI obtained a judgment against PDC in the amount of over two million dollars. That same day, CCI filed its first affidavit for mechanic's lien pursuant to R.C. 1311.01 et seq. Tycor filed its own affidavit on December 16, 2004.

{¶30} At least eight civil actions were filed in the common pleas court relating to the failure of the Cornerstone project. The actions were consolidated, and a receiver was appointed to oversee the assets. *See Fornshell*, 8th Dist. Nos. 92132 and 92161, 2009-Ohio-2728. Relevant to the instant appeals, in late 2008, the trial court eventually issued journal entries that required the parties who claimed secured creditor status with respect to the real estate to file motions for summary judgment regarding the priority of

their various liens. The trial court indicated the issue of the validity of the various liens would be decided thereafter.

{¶31} The parties responded with briefs, supplemental briefs, and evidence. HSL argued that, because the proceeds of its loan were used to satisfy the J.A.M. Pearl mortgage, its lien had priority on the Pearl property pursuant to R.C. 1311.14. CCI and Tycor argued that, because the first visible work occurred prior to the recording of HSL's loan, their mechanic's liens had priority pursuant to R.C. 1311.13(A). They further asserted that the recorded instruments upon which HSL relied were flawed, thereby negating HSL's argument.

{¶32} The trial court issued its decision more than two years later. On May 16, 2011, the court issued an opinion and order that made the following determinations: (1) the 10% secured creditor allocation set up for the benefit of the receivership had priority over all other parties; (2) HSL's recorded mortgage dated July 10, 2003, satisfied two pre-existing mortgages, "the Ruby and the Garnet Property"; (3) HSL's mortgage lien had "priority as against all subsequently filed mechanic's liens, * * * but only as to the Ruby Property and the Garnet Property"; (4) "the Pearl Property was not encumbered by the mortgages [HSL's loan] satisfied"; (5) HSL's loan funds were not used "for improvements at the Pearl Property"; and (6) because "visible construction work commenced at the Cornerstone Properties before

[HSL] recorded its mortgage," the mechanic's liens took precedence as to the Pearl property.

{¶33} After HSL filed its notice of appeal from the foregoing opinion and order, HSL successfully obtained from this court a limited remand to the trial court for a decision on HSL's motion to "partially vacate" the May 16, 2011 opinion and order. HSL argued to the trial court in its motion that the court's opinion and order had mistakenly identified the Garnet property as the one to which HSL's loan applied, rather than the Pearl property. HSL further argued that the evidence demonstrated that only "$2,802,627.20 of the proceeds of the loan [to PDC] * * * were used to satisfy the J.A.M. Pearl Mortgage," so that fact should have been set forth.

{¶34} Both CCI and Tycor filed briefs in opposition to HSL's motion; the briefs did not include any new arguments or evidence. On August 29, 2011, the trial court issued a judgment entry that granted HSL's motion to partially vacate the May 16, 2011 opinion and order regarding the priority of liens.

{¶35} The August 29, 2011 judgment entry stated that HSL's loan satisfied two pre-existing mortgages that encumbered the Ruby and Pearl properties, not the Garnet. The entry further stated that the "Pearl property was encumbered by the JAM [sic] Lawndale mortgage." The entry concluded by stating that HSL "ha[d] priority of its liens as against all [other] lienholders." Therefore, "[t]o the extent that the court's May 16, 2011

opinion and order regarding the priority of liens held otherwise, the order is corrected consistent with the above."

**{¶36}** Both CCI and Tycor filed appeals of the "corrected" judgment entry, prompting HSL to file cross-appeals. However, HSL also requested of this court a second remand.

**{¶37}** After this court granted HSL's second request for a remand, HSL filed a second motion in the trial court to "partially vacate the court's August 29, 2011 journal entry." HSL argued in its supporting brief that the August 29, 2011 judgment entry contained a mistake, viz., that the Pearl property was encumbered by "the JAM [sic] Lawndale mortgage," rather than the J.A.M. Pearl mortgage. HSL also argued that only $2,802,627.20 of its loan was used to satisfy the J.A.M. Pearl mortgage, therefore, the court should correct its judgment to read that HSL's lien had priority as a construction mortgage in that amount on the Pearl property against all lienholders.

**{¶38}** On October 5, 2011, the trial court issued a journal entry that denied HSL's motion to partially vacate the August 29, 2011 judgment. Only HSL filed an appeal from the October 5, 2011 journal entry.

**{¶39}** The parties began to file their appellate briefs in these consolidated cases in May 2012. The parties' assignments of error will be considered together where appropriate.

**{¶40}** In challenging the trial court's May 16, 2011 opinion and order,

HSL presents the following assignments of error:

> **"I.   The trial court erred in finding the Contractors' mechanic's liens were effective pursuant to R.C. 1311.13 prior to the recording of Home Savings' Mortgage.**
>
> **"II.   The trial court erred in failing to exclude and strike certain evidence relied upon by the Contractors in their summary judgment motion.**
>
> **"IV.   The trial court erred in finding that Home Savings was not able to step into the shoes of the prior mortgage that it satisfied based upon the doctrine of equitable subrogation."**

**{¶41}**   In light of the trial court's August 29, 2011 order that reversed

the May 16, 2011 opinion and order and agreed with HSL that its lien on the

Pearl property had priority over the mechanic's liens, thus granting HSL's

motion for summary judgment on that issue, HSL's first and fourth

assignments of error are rendered moot.   Because, moreover, HSL suffered

no prejudice from the trial court's evidentiary decisions, HSL's second

assignment of error is overruled.

**{¶42}** CCI   and Tycor challenge the trial court's judgment entry of

August 29, 2011.   CCI's first, second, and fourth assignments of error and

Tycor's sole assignment of error are related; they are set forth as follows:

> **"I.   The Trial Court erred in granting HSL's Motion for Summary Judgment.**

"**II.   The Trial Court erred in failing to limit the priority to the extent that HSL paid out the fund otherwise than provide[d] in Ohio Revised Code Section 1311.14(A)-(G).**

"**IV.   The Trial Court erred in deciding validity issues in contravention of its 09/19/08 and 12/31/08 Discovery Orders.**

"**The trial court erred by holding that Tycor Roofing, Inc.'s lien was not entitled to priority over the liens arising from an alleged construction lender, Home Savings & Loan Company.**"

{¶43} In these assignments of error, CCI and Tycor assert that the trial court's August 29, 2011 journal entry improperly granted summary judgment to HSL on the priority of its lien over theirs on the Pearl property.   CCI and Tycor claim that genuine issues of material fact remain with respect to whether the evidence demonstrated HSL met R.C. 1311.14 requirements and whether HSL's lien was valid and thus deserved priority.   This court disagrees.

{¶44} A trial court's decision on summary judgment is reviewed by the appellate court de novo.  *Burgess v. Tackas*, 125 Ohio App.3d 294, 296, 708 N.E.2d 285 (8th Dist.1998).   Summary judgment is proper when (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come only to a conclusion

adverse to that party.  Civ.R. 56(C).  *See also Harless v. Willis Day*
*Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

**{¶45}** The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).  If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. *Id.*

**{¶46}** CCI and Tycor assert that HSL failed to establish either that its documents were sufficient to establish the applicability of R.C. 1311.14 to the Pearl property, or that the proceeds of its loan were used in accordance with the requirements of R.C. 1311.14.  CCI and Tycor further assert that, in applying R.C. 1311.14, the trial court in effect decided that HSL's lien was valid without an adequate evidentiary basis for that decision.  These assertions are rejected.

**{¶47}** R.C. 1311.14 provides in pertinent part:

(A) Except as provided in this section, the lien of a mortgage given in whole or in part to improve real estate *or to pay off prior encumbrances thereon, * * * the proceeds of which are actually used * * * to pay off prior encumbrances, * * ** and which mortgage contains therein the correct name and address of the mortgagee, together with a covenant between the mortgagor and mortgagee authorizing the mortgagee to do all things provided to be done by the mortgagee under this section, *shall be prior to all mechanic's, material supplier's, and similar liens* and all liens

provided for in this chapter that are filed for record after the improvement mortgage is filed for record, to the extent that the proceeds thereof are used and applied for the purposes of and pursuant to this section. Such mortgage is a lien on the premises therein described from the time it is filed for record for the full amount that is ultimately and actually paid out under the mortgage, regardless of the time when the money secured thereby is advanced.

* * *

(C) This section, as to mortgages contemplated by this section, *controls over all other sections of the Revised Code relating to mechanic's, material supplier's, contractor's, subcontractor's, laborer's, and all liens that can be had under this chapter, and shall be liberally construed in favor of such mortgagees, a substantial compliance by such mortgagees being sufficient.* (Emphasis added.)

{¶48} Based upon the foregoing, where a mortgagee substantially adheres to the provisions of R.C. 1311.14, its lien on the property has "super priority" over that of any mechanic's liens. *Highland Sav. Assn. v. Clinton Constr. Co.*, 1st Dist. No. 311, 1976 Ohio App. LEXIS 8608 (June 28, 1976). *See also Barr v. Masterpiece Homes*, 8th Dist. No. 65835, 1994 Ohio App. LEXIS 3211 (July 21, 1994). R.C. 1311.14 gives a construction mortgage priority over mechanic's liens even if the mortgage was recorded subsequent to the effective date of the mechanic's liens. *Guernsey Bank v. Milano Sports*

*Ents., LLC*, 177 Ohio App.3d 314, 2008-Ohio-2420, 894 N.E.2d 715 (10th Dist.).

{¶49} In this case, HSL provided evidence to show that: (1) it provided a construction loan to PDC, (2) the loan provided to PDC was used to satisfy the J.A.M. Pearl mortgage, and (3) PDC then began the Cornerstone project. This evidence was sufficient to satisfy R.C. 1311.14. *First Place Bank v. Hersh Constr.*, 5th Dist. No. 2010CA00074, 2011-Ohio-1790.

{¶50} To the extent CCI and Tycor argue that the recorded documents contained flaws, these arguments were addressed by the court in *Bank of Am. v. Omega Design/Build Group, L.L.C.*, 1st Dist. No. C-100018, 2011-Ohio-1650, ¶ 42, as follows:

> Because the trial court's ruling merely applied the plain language of the statute to those uncontested filing dates, *no other evidence was relevant to a determination of that issue* before the trial court. The trial court, furthermore, *expressly stated in its entry that it was not ruling upon \* \* \* the validity* of any particular liens. Therefore, if [defendant's] conduct or that of some other lienholder could possibly provide [plaintiff] with defenses to enforcement of the liens, those *defenses can be raised when the trial court rules upon the validity and amounts of the liens.* (Emphasis added.)

{¶51} This court, therefore, cannot find that the trial court acted improperly in granting summary judgment to HSL on the priority of its lien against the Pearl property. In determining that HSL's lien on the Pearl property deserved priority pursuant to R.C. 1311.14, the trial court did not

consider whether HSL's lien was a valid one; indeed, in accord with the understanding of all the parties, the trial court specifically stated that the issues of validity and amount were matters for later decision.[5]

{¶52} Consequently, CCI's first, second, and fourth assignments of error and Tycor's assignment of error are overruled.

{¶53} HSL's third assignment of error and CCI's third assignment of error are considered together; respectively, they state:

> "III. The Trial Court erred in finding the JAM [sic] Lawndale Mortgage was the prior Mortgage satisfied that encumbered the Pearl Property."

> "III. The Trial Court erred in failing to limit the priority to that portion of the land on which the prior encumbrance was secured."

{¶54} These assignments of error assert that the trial court's August 29, 2011 judgment entry wrongly referenced the name of the prior encumbrance on the Pearl property that HSL's loan satisfied. In light of the record, which demonstrates that the mortgage on the Pearl property was held by J.A.M. Pearl, not J.A.M. Lawndale, these assignments of error are sustained.

{¶55} The trial court's August 29, 2011 order is reversed to the extent that it references HSL's lien resulted from satisfaction of the "JAM [sic]

---

[5]This court notes that the trial court issued a judgment entry on April 6, 2009, specifically informing the parties that issues of validity were not going to be considered and limiting discovery to the issue only of priority. None of the parties, including CCI and Tycor, challenged the trial court's April 6, 2009 entry by way of an appeal.

Lawndale" mortgage, but is otherwise affirmed. Based on the foregoing, in App. No. 97513, HSL's appeal from the trial court's October 5, 2011 order, that order is reversed to the extent it refused to correct the reference to the "JAM [sic] Lawndale" mortgage in the August 29, 2011 order, but the October 5, 2011 order is affirmed to the extent that the trial court declined to determine the amount of HSL's lien.

{¶56} In conclusion, in App. No. 96911, the trial court's order of May 16, 2011, is affirmed in part as to the priority of the court-appointed receiver, but reversed as to the priority of liens between HSL and the contractors; the trial court subsequently corrected that portion in its August 29, 2011 judgment entry.

{¶57} In App. Nos. 97352 and 97361, the trial court's order of August 29, 2011, is affirmed in part and reversed in part; the portion of the trial court's August 29, 2011 order that determined HSL's lien had priority over the mechanics' liens with respect to the Pearl property is affirmed, but the order is reversed as to its reference to the "JAM [sic] Lawndale" mortgage.

{¶58} In App. No. 97513, the trial court's order of October 5, 2011, is affirmed in part as set forth above, but reversed in part as to the court's refusal to correct the reference in the August 29, 2011 judgment entry to the "JAM [sic] Lawndale" mortgage.

**{¶59}** These cases are remanded for further proceedings consistent with this opinion.

It is ordered that appellees and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., CONCURS;
JAMES J. SWEENEY, J., CONCURS IN
JUDGMENT ONLY