[Cite as *Huntington Natl. Bank v. 5777 Grant, L.L.C.*, 2014-Ohio-5154.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101412**

**HUNTINGTON NATIONAL BANK ET AL.**

PLAINTIFFS-APPELLEES

vs.

**5777 GRANT, L.L.C., ET AL.**

DEFENDANTS-APPELLEES

**[APPEAL BY GRITVISE LTD.]**

THIRD-PARTY PLAINTIFF-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-796997

**BEFORE:** Keough, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**ATTORNEYS FOR APPELLANTS**

Patrick M. Higgins
David G. Finley
Finley & Co., L.P.A.
45 W. Prospect Avenue, #1650-G
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEES**

**ON BEHALF OF HUNTINGTON NATIONAL BANK**

David D. Black
Paul R. Harris
Andrew Poltorak
Ulmer & Berne, L.L.P.
Skylight Office Tower
1660 West Second Street, Suite 1100
Cleveland, Ohio 44111

Daniel C. Wolters
Cavitch, Familo & Durkin Co., L.P.A.
1300 East Ninth Street, 20th Floor
Cleveland, Ohio 44114

**ON BEHALF OF 5777 GRANT, L.L.C.**

Lesley A. Weigand
Statutory Agent
Hessler & Vanderburg
6055 Rockside Woods Blvd.
Cleveland, Ohio 44131

**ON BEHALF OF GREGORY PECK**

Gregory Peck, pro se
2929 Clarkson Road
Cleveland, Ohio 44118

(Continued)

**RECEIVER**

Tim L. Collins
Collins & Scanlon, L.L.P.
50 Public Square
3300 Terminal Tower Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Third-party plaintiff-appellant Gritvise, Ltd., d.b.a. Koussa Construction ("Koussa Construction") appeals from the trial court's order, entered after a pretrial, that plaintiff-appellee Huntington National Bank's ("Huntington") mortgage has priority over Koussa Construction's mechanic's lien. For the reasons that follow, we reverse and remand.

## I. Background

{¶2} This action arises out of a banking relationship between Huntington and 5777 Grant, L.L.C. ("Grant"). On December 23, 2011, to secure the payment of a cognovit note for $640,000, Grant executed and delivered to Huntington an open-end mortgage on non-residential real property located at 5777 Grant Avenue in Cleveland, Ohio, an assignment of leases and rents, and a security agreement. Gregory Peck ("Peck"), Grant's general manager, executed and delivered a personal guaranty of payment. On the same day, Huntington filed and recorded as Instrument No. 201112230692 the note, mortgage, assignment of leases and rents, and security agreement.

{¶3} On December 6, 2012, after various defaults under the loan documents, Huntington filed a complaint for cognovit judgment against Grant and Peck. The trial court granted judgment for Huntington against Grant and Peck, jointly and severally, in the amount of $588,078.41, plus interest on the unpaid balance of $586,666.70 until paid. Huntington subsequently moved for the appointment of a receiver, which the trial court granted.

{¶4} On May 9, 2013, Koussa Construction moved for leave to intervene to assert its claim to the subject property. The trial court granted the motion, and on June 18, 2013, Koussa Construction filed a third-party complaint against Grant. In its complaint, Koussa Construction alleged that Grant owes it $487,423.74, with interest, for labor and materials it furnished to Grant

beginning December 15, 2010. Koussa Construction further alleged that it recorded affidavits for mechanic's liens on December 31, 2012 and March 8, 2013 with the Cuyahoga County Recorder's Office relating to the labor and materials it had furnished to Grant. The third-party complaint alleged that Koussa Construction has the first and best lien on the real estate at 5777 Grant Avenue, Cleveland, Ohio, and asserted claims on the account, for unjust enrichment, and enforcement of its mechanic's lien.

{¶5} Both Grant and Huntington filed answers to Koussa Construction's third-party complaint. Huntington's answer asserted that its mortgage holds priority over any mechanic's liens on the property at 5777 Grant Avenue.

{¶6} The trial court held pretrials on September 5, November 4, and November 25, 2013. On November 26, 2013, the trial court issued an entry setting another pretrial for February 25, 2014, and ordering that "Huntington Bank retains priority."

{¶7} Koussa Construction then filed a motion for reconsideration of the trial court's order regarding lien priority, which the trial court denied. Koussa Construction appealed from the trial court's denial of its motion. This court subsequently dismissed the appeal for lack of a final, appealable order because a determination of lien priority without any determination of the lien's validity is not a final, appealable order, and the trial court had not yet determined the validity of Koussa Construction's mechanic's lien. *Huntington Natl. Bank v. 5777 Grant, LLC*, 8th Dist. Cuyahoga No. 100833, Motion No. 471658 (Feb. 4, 2014).

{¶8} Thereafter, Koussa Construction filed a motion for summary judgment regarding its claims on account and unjust enrichment, and the validity of its mechanic's lien. The trial court granted the motion for summary judgment; Koussa Construction then filed another appeal of the trial court's November 26, 2013 judgment entry ordering that "Huntington Bank retains priority."

II.  Analysis

A.    Final, appealable order

{¶9} Appellate courts have jurisdiction to review the final orders or judgments of lower courts.  Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02.  In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte.  *St. Rocco's Parish Fed. Credit Union v. Am. Online*, 151 Ohio App.3d 428, 2003-Ohio-420, 784 N.E.2d 200, ¶ 9 (8th Dist.)

{¶10}  R.C. 2505.02 defines what orders are final.  As pertinent to this case, under R.C. 2505.02(B)(1), an order is a final, appealable order when it affects a substantial right in an action that in effect determines the action and prevents a judgment.  The enforcement of a mechanic's lien involves a substantial right.  *See St. Clair Savs. Assn. v. Janson*, 40 Ohio App.2d 211, 215, 318 N.E. 538 (8th Dist.1975) (The chance to be declared first in priority of creditors is a substantial right.)  Huntington contends that the trial court's order is not final, however, because it did not determine the action.  It argues that as evidenced by the order itself, which called for further action in the trial court (another pretrial), the matter remains pending before the trial court for further disposition, including the potential sale of the property.

{¶11}  We hold that the order appealed from is a final, appealable order.  This court has found based upon Ohio Supreme Court precedent that a trial court order that determines the priority of liens with respect to real property is final and appealable, even if the court has not yet ordered foreclosure or sale of the property.  *TCIF REO GCM, L.L.C. v. Natl. City Bank*, 8th Dist. Cuyahoga No. 92447, 2009-Ohio-4040, ¶ 14.  *See also Acacia on the Green Condominium Assn. v. Jefferson*, 8th Dist. Cuyahoga No. 100443, 2014-Ohio-2399, ¶ 7; *Cleveland Constr. v. Schneider*, 8th Dist. Cuyahoga Nos. 96911, 97352, 97361, and 97513, 2012-Ohio-5707, ¶1, fn.1; *Goodman v. Schneider*, 8th Dist. Cuyahoga No. 96922, 2012-Ohio-5412, ¶ 12; *Bank of Am.*

*NA v. Omega Design/Build Group, LLC*, 1st Dist. Hamilton No. C-100018, 2011-Ohio-1650, ¶ 16-18.

{¶12} We recognize that other Ohio appellate districts have found otherwise. Nevertheless, we are constrained to follow our own precedent. Because the trial court's order addressed the priority of liens, it is final and appealable, even though the issues of foreclosure and sale of the property remain pending in the trial court.

{¶13} Huntington next argues that the order is not final and appealable because it did not include the "no just reason for delay" language required by Civ.R. 54(B). Huntington's argument is misplaced.

{¶14} Civ.R. 54(B) provides that "when more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to * * * fewer than all of the claims * * * only upon an express determination that there is no just reason for delay." Huntington contends that there are multiple parties and claims to this action and, therefore, Civ.R. 54(B) language was required to make the trial court's order regarding the priority of liens a final order. However, "Civ.R. 54(B) only applies when a *claim* has been adjudicated." (Emphasis added.) *Mtge. Electronic Registration Sys. v. Aleksin*, 9th Dist. Summit No. 23723, 2007-Ohio-6295, ¶ 9. The priority of liens is an *issue* relating to the foreclosure action, but does not involve a separate claim. *Id.* Thus, because the trial court's order regarding priority of liens did not determine a claim, Civ.R. 54(B) is inapplicable.

B.     Due Process

{¶15} In its first assignment of error, Koussa Construction contends that the trial court erred in sua sponte ordering that Huntington retained priority absent a hearing, trial, or a motion requesting judgment on the issue. In its second assignment of error, Koussa Construction contends that the trial court violated its procedural due process rights by sua sponte deciding the

issue of priority without giving it notice and an opportunity to be heard on the issue.   The issues raised by these assignments of error are related so we consider them together.

**{¶16}** "The essence of procedural due process is the right to   receive reasonable notice and a reasonable opportunity to be heard."   *Sprouse v. Miller*, 4th Dist. Lawrence No. 07CA32, 2008-Ohio-4384, ¶ 13.   "Due process of law implies, in its most comprehensive sense, the right of the person affected to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved." *Williams v. Dollison*, 62 Ohio St.2d 297, 299, 405 N.E.2d 714 (1980).   The inquiry as to what constitutes due process depends on the facts of each case.   *Ohio Assn. of Pub. School Emp., AFSCME, AFL-CIO v. Lakewood City School   Dist. Bd. of Edn.*, 68 Ohio St.3d 175, 177, 624 N.E.2d 1043 (1994).

**{¶17}**   Civ.R. 7(B) states in part that "an application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing.   A motion, whether written or oral, shall state with particularity the grounds therefore, and shall set forth the relief or order sought."   By requiring a party to file a motion stating the grounds with particularity and the relief sought, Civ.R. 7(B) ensures that the nonmoving party has notice and an opportunity to marshal evidence and formulate an appropriate response.   *Dale v. Dale*, 10th Dist. Franklin No. 02AP-644, 2003-Ohio-1113, ¶ 10.

**{¶18}**     Here, it is undisputed that no motion on the issue of priority was pending before the trial court when it issued its sua sponte order that Huntington retained priority.   By acting in the absence of a pending motion, the trial court denied Koussa Construction procedural due process because Koussa Construction did not have notice the issue would be decided, nor did it have an opportunity to marshal evidence to contest the trial court's sua sponte disposition. *HomEq Servicing Corp. v. Schwamberger*, 4th Dist. Scioto No. 07CA3146, 2008-Ohio-2478, ¶

13.

{¶19} In addition to deciding the issue despite the absence of a pending motion, the record reflects that Koussa Construction did not receive any notice from the court that the issue would be decided at the November 25, 2013 pretrial. The court's order for the November 25, 2013 pretrial simply stated, "Pretrial set for 11/25/2013 at 09:45 am." There was no mention in this or any other notice from the court that the issue of priority would be decided at the pretrial. Based upon the court's filed orders, there was no reason for either party to know that the court intended to address the issue of priority at the pretrial.

{¶20} Huntington's argument that the court was authorized to sua sponte rule in its favor because Koussa Construction had asserted in its third-party complaint that it had the first and best lien, and Huntington had responded in its answer to the third-party complaint that its lien took precedence, is without merit. There was no pending motion before the court, and before issuing its ruling, the court did not conduct a hearing or trial. We fail to see how the court could decide the issue without a determination on the record of the factual issues relating to the parties' competing priority claims.

{¶21} Accordingly, we hold that because no motion was pending when the court issued its sua sponte judgment, and because Koussa Construction did not receive reasonable notice the issue would be decided nor a reasonable opportunity to be heard on the issue of priority, the trial court denied Koussa Construction's procedural due process rights when it sua sponte ordered that Huntington retained priority. The first and second assignments of error are sustained; the trial court's judgment is reversed; and the matter is remanded for further proceedings consistent with this opinion.

{¶22} Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR