DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, The Cadel Company II, Inc., has filed a motion asking this court to determine whether it has jurisdiction to hear its appeal in this foreclosure action. Ameriquest filed a foreclosure complaint against Ron and Lois Middlebrooks and several other defendants who claim to have an interest in the Middlebrooks' property. The Cadel Company II, Inc. was not named as a defendant and filed a motion to intervene which the court granted. Cadel filed a cross-claim against the Middlebrooks for an unpaid mortgage and claimed its mortgage was superior to that of Ameriquest. Ameriquest filed a motion for summary judgment on the issue of the priority of its lien over Cadel's lien. Cadel filed a competing motion for summary judgment urging the court to find that its lien is prior.
 {¶ 2} The December 12, 2005 judgment from which this appeal is taken granted the motion for summary judgment of Ameriquest finding that its lien has priority over that of Cadel Company II, Inc. The remaining parties have not been disposed of and the original foreclosure complaint has not been ruled on. The sole issue that has been decided in this case is that of the priority of the liens of Ameriquest and Cadel.
 {¶ 3} R.C. 2505.02 governs what orders are final and appealable and states in pertinent part:
 {¶ 4} "(A) As used in this section:
 {¶ 5} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 6} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 7} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86
of the Revised Code, a prima-facie showing pursuant to section 2307.92
of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
 {¶ 8} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 11} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 15} "(5) An order that determines that an action may or may not be maintained as a class action;"
 {¶ 16} Queen City S. L. Co. v. Foley (1960), 170 Ohio St. 383 is the only case from the Ohio Supreme Court that addresses the appealability of an order determining priority of liens. This case was decided prior to the current version of R.C. 2505.02. The court states:
 {¶ 17} "[W]e hold without hesitation that the judgment of the Court of Common Pleas in this mortgage foreclosure action determining that the mortgage constituted the first and best lien upon the subject real estate was an order from which an appeal could have been perfected." (Emphasis added). Id. at 387.
 {¶ 18} The posture of that case at the time the appeal was taken is different than the present case, however, and the high court clearly stated that its holding was applicable to the mortgage foreclosure action before it. In Queen City, the trial court, on February 24, 1958, decided priority of liens (holding that Queen City's lien was first) andordered foreclosure and sale of the property. The court held that this was a final appealable order[1]. Subsequently, a lumber company (one of the named defendants to the foreclosure suit who had not yet made an appearance) filed, with leave of the trial court, an answer to the complaint and a "cross-petition" for payment of its lien on the foreclosed property. On July 10, 1958, the court granted the cross-petition, held the landowners liable to the lumber company for the amount of its lien, and found that the lumber company's lien is second in priority to the Queen City lien. The lumber company appealed from the July 10 judgment that found its lien junior to Queen City's. The Supreme Court of Ohio stated that it was too late for the lumber company to challenge the issue of priority of liens since that was decided on February 24 and should have been appealed at that time.
 {¶ 19} In the instant case, there has been no foreclosure, or order of sale, or even a complete decision on the priority of all liens. There has simply been a determination of the priority of liens between two mortgage holders. Thus, we find the holding in Queen City not controlling.
 {¶ 20} To determine if appellants can appeal from the priority of liens order in this case now instead of at the time foreclosure is ordered, we must look to R.C. 2505.02. The order being appealed does not determine the action and prevent a judgment since the case is not over yet. It was not made in a special proceeding and it does not vacate or set aside a judgment, grant a new trial or determine class action status. Thus R.C. 2505.02(B)(1)(2)(3) and (5) do not apply to this case. R.C. 2505.02(B)(4) states that an order is presently appealable if it is:
 {¶ 21} "An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 22} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 23} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 24} A "provisional remedy" defined in R.C. 2505.02(A)(3), which states:
 {¶ 25} "`Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86
of the Revised Code, a prima-facie showing pursuant to section 2307.92
of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code[2] ."
 {¶ 26} This leaves us with the question of whether a determination of priority of liens, made prior to an order of foreclosure and sale, is made in a proceeding ancillary to the foreclosure action? We find that it is not. The determination of priority of liens is an integral part of a foreclosure action, is requested in the complaint for foreclosure, and is not ancillary to the foreclosure action. Thus, we conclude that the order being appealed in this case is not final and appealable pursuant to R.C. 2505.02(B)(4) or any other section of that statute.
 {¶ 27} This court only has jurisdiction to hear appeals from final orders. See Section 3(B)(2), Article IV of the Ohio Constitution. Accordingly, we have no jurisdiction over this appeal and it is ordered dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski P.J., William J. Skow, J., CONCUR. JUDGE.
[1] Holding re-affirmed by Oberlin Sav. Bank Co. v. Fairchild (1963),175 Ohio St. 311 (The order of April 14, 1961, ordering a foreclosure sale and finding the amounts due the various claimants is the final order from which [appellant] should have appealed.) and Third Natl. Bankof Circleville v. Speakman (1985), 18 Ohio St.3d 119.
[2] R.C. 2307.85, 2307.86, 2307.92, and 2307.93 relate to silicosis and mixed dust claim tort actions and asbosteos claim tort actions, and thus are not applicable to this case