[Cite as *One W. Bank, FSB v. Miller*, 2011-Ohio-6467.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  | | |
|---|---|---|
| | : | JUDGES: |
| ONE WEST BANK, FSB | : | William B. Hoffman, P.J. |
| | : | Julie A. Edwards, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
| | : | |
| -vs- | : | Case No. 11CA013 |
| | : | |
| | : | |
| JAMES MILLER, et al., | : | O P I N I O N |
| | | |
| Defendants-Appellants | | |

CHARACTER OF PROCEEDING:    Civil Appeal from Holmes County
Court of Common Pleas Case No.
2009CV142

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 13, 2011

APPEARANCES:

For Plaintiff-Appellee    For Defendants-Appellants

RICHARD J. LOLLI    PAUL HERVEY, ESQ.
JUSTINE S. GREENFELDER    FRANK J. ROSE, JR., ESQ.
Buckingham, Doolitle &    Fitzpatrick, Zimmerman &
Burroughs, LLP    Rose Co., Ltd.
4518 Fulton Drive, N.W.    140 Fair Avenue, N.W.
P.O. Box 35548    P.O. Box 1014
Canton, Ohio  44735-5548    New Philadelphia, Ohio  44663

For Plaintiff-Appellee

KEVIN L. WILLIAMS, ESQ.
Manley Deas, Kochalski, LLC
P.O. Box 165028
Columbus, Ohio  43216-5028

For Defendants-Appellants

EDWIN H. BREYFOGLE, ESQ.
108 – 3rd Street, N.E.
Massillon, Ohio  44646


For Defendant

STEVE KNOWLING, ESXQ.
Holmes County Prosecutor's Office
164 E. Jackson Street
Millersburg, Ohio  44654

*Edwards, J.*

**{¶1}** Appellant, The Commercial & Savings Bank, appeals a judgment of the Holmes County Common Pleas Court finding that their lien is secondary to that of appellee OneWest Bank, FSB.

STATEMENT OF FACTS AND CASE

**{¶2}** In 2000, James and Rachel Miller purchased land in Sugarcreek, Ohio. Funding came in the form of a $140,000.00 loan from Farm Credit Services secured by a mortgage on the newly-purchased land.

**{¶3}** In 2003 and 2005, the Millers obtained two loans from appellant, also secured by mortgages on the land. The 2003 loan was in the amount of $55,000 and the 2005 loan was for $95,000.00. The $95,000.00 loan was refinanced later in 2005 through an agreement with appellant whereby the Millers' roofing company also became liable for repayment. This refinanced loan was treated as a new loan and assigned a new number.

**{¶4}** In 2006, the Millers sought a loan from Quicken, intending to refinance their existing loans. During a credit check, Quicken discovered the $140,000.00 loan from Farm Credit Services in addition to the two loans from appellant. Quicken requested information regarding the balance of these loans in order to pay the balances and have the lien on the property released, thus obtaining the first lien position. Appellant mistakenly informed Quicken that the $95,000.00 loan was completely paid off when in fact there was a balance. Quicken was informed that the $55,000.00 loan had a remaining balance of $30,000.00.

**{¶5}** Quicken had approved the Millers for $264,000.00. Quicken paid the remaining balance on the Farm Credit Services loan and the $30,000.00 remaining on the one loan with appellant. The remaining balance was given to the Millers. The Millers defaulted on their loan with Quicken and Quicken assigned the loan to appellee.

**{¶6}** On August 17, 2009, appellee filed the instant complaint in foreclosure against the Millers, appellant, National Association, and the Holmes County Treasurer. Appellant claimed they have the primary mortgage on the sale of the property and are first in line when the proceeds are distributed, as approximately $58,000.00 remains on the 2005 loan for $95,000.00.

**{¶7}** Appellee filed a motion for summary judgment on the issue of lien priorities. The trial court issued a summary judgment on May 26, 2010, finding appellee to hold priority over appellant pursuant to the doctrine of equitable estoppel. Appellant assigns a single error:

**{¶8}** "THE TRIAL COURT ERRED IN APPLYING THE THEORY OF EQUITABLE SUBROGATION IN ADVANCING THE LIEN PRIORITY OF THE PLAINTIFF-APPELLEE."

**{¶9}** This case comes before this Court on the accelerated calendar. App. R. 11.1, which governs cases on the accelerated calendar, provides in pertinent part:

**{¶10}** "(E) Determination and judgment on appeal.

**{¶11}** "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

**{¶12}** As a preliminary matter, appellant argues that this case is a final, appealable order despite the fact that no order of foreclosure has issued. We agree. The Ohio Supreme Court has stated that in a mortgage foreclosure action, a journalized order determining that a mortgage constitutes the first and best lien upon the subject real estate is a judgment or final order from which an appeal may be perfected, and a lien holder who is a party to a mortgage foreclosure action but who fails to appeal from a judgment determining the mortgage to be the first and best lien on the subject premises cannot thereafter in an appeal from a subsequent judgment confirming such priority attack the correctness of such earlier judgment. *Queen City Sav. & Loan Co. v. Foley* (1960), 170 Ohio St. 383, 165 N.E.2d 633, paragraphs one and three of the syllabus.

**{¶13}** Appellant's assignment of error and argument in its brief claim the trial court erred in applying the doctrine of equitable subrogation. However, the trial court did not apply the doctrine of equitable subrogation. The trial court decided the issue of lien priority solely on the basis of equitable estoppel. Equitable subrogation and equitable estoppel are separate legal concepts, and one or both may apply in a given case. See, e.g., *Blue View Corporation v. Rhynes*, Summit App. No. 23034, 2006-Ohio-4084.

**{¶14}** Because appellant's only claim of error relates to a legal doctrine which the court did not apply in the instant case, the assignment of error is overruled.

**{¶15}** The judgment of the Holmes County Common Pleas Court is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/r0914

[Cite as *One W. Bank, FSB v. Miller*, 2011-Ohio-6467.]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ONE WEST BANK, FSB | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES MILLER, et al., | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 11CA013 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES