[Cite as *Nnadi v. Nnadi*, 2015-Ohio-3981.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Stanley E. Nnadi, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-13 |
| v. | : | (C.P.C. No. 13DR-3449) |
| Felicia N. Nnadi, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 29, 2015

*Richard B. Parry,* for appellant.

*Cynthia M. Roy,* for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Plaintiff-appellant, Stanley E. Nnadi, appeals from a judgment of the Franklin County Court of Common Pleas, dismissing his complaint for divorce without prejudice. Because this court lacks jurisdiction, we dismiss the appeal.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Plaintiff and defendant-appellee, Felicia N. Nnadi, were married on September 13, 1991. Plaintiff filed a complaint for divorce on September 16, 2013. Four children were born as issue of the marriage; only one child was a minor at the time of the divorce proceedings. Plaintiff alleged in the complaint that he and defendant owned various pieces of real estate, and alleged that he had acquired other properties before the marriage. The disputed issues before the court for consideration included child support, spousal support, and the division of marital debts and assets.

{¶ 3}   On January 29, 2014, the magistrate issued temporary orders obligating plaintiff to pay defendant $1,038.60 per month in temporary child support, to pay one-half of the minor child's high school tuition, one-half the cost of the minor child's braces, and $1,000 in attorney's fees.

{¶ 4}   On June 5, 2014, defendant filed a motion to compel discovery, asking the court to order plaintiff to comply with defendant's request for production of documents. Defendant also filed a motion for contempt on June 5, 2014, asserting that the court should hold plaintiff in contempt for his failure to abide by the magistrate's temporary orders. Defendant filed an affidavit in support of the motion for contempt, averring that plaintiff had not paid any of the items he was ordered to pay under the magistrate's January 29, 2014 temporary orders.

{¶ 5}   The magistrate granted defendant's motion to compel on July 22, 2014. The magistrate ordered plaintiff to "pay Defendant's attorney fees in the amount of $750.00 within 14 days," and obligated plaintiff to respond to defendant's request for production of documents "within 30 days." (July 22, 2014 Magistrate's Order, 1.) The magistrate noted that plaintiff's failure to comply with this order "may result in a finding of contempt and additional sanctions." (July 22, 2014 Magistrate's Order, 1.)

{¶ 6}   The matter came before the court for trial on December 16, 2014. Plaintiff explained that he was retired, and that he owned various rental properties throughout the Columbus, Ohio area. Defendant stated that she was employed as a nurse. The parties informed the court that they were not willing to stipulate as to the other party's income. As such, the court explained that it needed "W-2s, 1099Rs for him, full tax returns and whatever they have to document what they've been paid so far this year. * * * And I want it tomorrow." (Tr. 13.) The court informed the parties that there was going to be a "running list of things I'm going to have you get tomorrow -- for tomorrow," and observed that these documents should have been produced "a long time ago." (Tr. 13.) The court stated that "[a]nybody who fails to turn up with whatever I'm telling you to turn up with tomorrow is going to pay fines. I will fine you." (Tr. 13.) The court summarized the information it wanted the parties to return with the following day, noting, "you all owe me values on the vehicles. You owe me copies of the titles on the ones that you own. You owe me mortgage statements for the properties that you have mortgages on." (Tr. 61.) The

court also stated that it needed information regarding the parties' bank accounts, noting "I need current balances in the four that you [defendant] have and the two that you [plaintiff] have. I need that tomorrow." (Tr. 87.)

{¶ 7} At the beginning of trial the following day, defendant asked the court to dismiss the case for plaintiff's "failure to cooperate and failure to prosecute." (Tr. 96.) In response, the court stated as follows:

> Counsel, I will tell you that I too have concerns that the assets were properly disclosed and that they will be properly accounted for today. And I have concerns about the fact that I see at least two orders for the payment of attorney's fees that were issued to your client that I have -- He admitted he didn't pay the $750.
>
> And I'll allow you to present your case in chief; but if I at any time feel that I am not getting the information that I need to render a decision, I will, in fact, dismiss this case for failure to adequately prosecute it. So fair warning before you begin, as I gave you yesterday.

 (Tr. 96-97.)

{¶ 8} During plaintiff's case-in-chief, plaintiff failed to provide the court with the information it had requested. For example, when plaintiff's attorney asked plaintiff to state the balances in his two bank accounts, plaintiff stated that he had "no knowledge" of the amounts in his bank accounts. (Tr. 199.) The court noted that it had told the parties "yesterday that you would be subject to fines if you failed to produce documentary evidence about the current balances in your two accounts." (Tr. 199.) Defendant then renewed her motion to dismiss, and the trial court granted the motion, stating as follows:

> I'm granting the motion. I'm sustaining it. I'm dismissing this case for failure to prosecute. You've not proven anything. There's no way possible that I can grant you spousal support when, despite the fact that I told you to get information regarding your bank account, you show up here today without it and testify -- and I quote -- I do not have no knowledge. I don't know. I have no knowledge because I just came back on Sunday. That is ridiculous. No comment from you. You're excused from the stand. This case is dismissed.

(Tr. 200.)

{¶ 9} On December 19, 2014, the trial court issued a decision and entry dismissing plaintiff's complaint for divorce "*without* prejudice," pursuant to Ohio Civ.R. 41(B)(1). (Emphasis sic.) (Decision and Entry, 1.) The court observed that both the "court file and the transcript of the divorce proceeding are replete with Plaintiff's repeated failures to comply with the valid orders/admonitions of this Court to timely produce testimony and documentary evidence necessary for the Court to * * * ensure a *fair and final* disposition of the marital and separate property assets/liabilities." (Emphasis sic.) (Decision and Entry, 1.)

## II. ASSIGNMENTS OF ERROR

{¶ 10} Plaintiff appeals, assigning the following errors for our review:

> [I.] THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF'S ACTION. THE TRIAL COURT'S DISMISSAL OF PLAINTIFF'S ACTION WAS AN ABUSE OF DISCRETION, AN ERROR OF LAW AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW.
>
> [II.] THE TRIAL COURT ERRED IN NOT RULING ON PLAINTIFF'S MOTION TO SET ASIDE THE MAGISTRATE'S ORDER.

## III. LACK OF A FINAL APPEALABLE ORDER

{¶ 11} Ohio appellate courts have jurisdiction to review only final, appealable orders of lower courts within their districts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. If an order is not a final, appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed. *Prod. Credit Assn. v. Hedges,* 87 Ohio App.3d 207 (4th Dist.1993). Appellate courts have the duty to sua sponte examine any deficiencies in jurisdiction. *Price v. Jillisky,* 10th Dist. No. 03AP-801, 2004-Ohio-1221.

{¶ 12} When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, the court must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 21 (1989). A trial court's order is final and appealable only if it satisfies the requirements of R.C. 2505.02 and, if applicable, Civ.R.

54(B). *Denham v. New Carlisle,* 86 Ohio St.3d 594, 596 (1999), citing *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 88 (1989).

{¶ 13} R.C. 2505.02(B) defines a final order as follows:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 14} Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." *See Chef Italiano* at syllabus; *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5-7. Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable. *Gen. Acc. Ins. Co.* at 21, citing *Douthitt v. Garrison,* 3 Ohio App.3d 254, 255 (9th Dist.1981).

{¶ 15} The trial court dismissed plaintiff's action pursuant to Civ.R. 41(B)(1), without prejudice. *See* Ohio Civ.R. 41(B)(1) (providing that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a

defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim"). A dismissal under Civ.R. 41(B)(1) "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3). An appellate court reviews a trial court's decision to dismiss an action pursuant to Civ.R. 41(B)(1) for an abuse of discretion. *Cordell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-379, 2013-Ohio-5547, ¶ 6. *See also Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997).

{¶ 16} "Generally, a dismissal without prejudice constitutes 'an adjudication otherwise than on the merits' with no res judicata bar to refiling the suit." *Johnson v. H&M Auto Serv.*, 10th Dist No. 07AP-123, 2007-Ohio-5794, ¶ 7, quoting *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997), fn. 2. This is because a trial court's dismissal without prejudice "places the parties in the same position they were in before they filed the action." *Id.* Thus, "a dismissal without prejudice is not a final appealable order, so long as a party may refile or amend a complaint." *Id. See also Hattie v. Garn*, 9th Dist. No. 98CA007208 (Dec. 29, 1999) (noting that "[a] dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a judgment of final order when refiling or amending of the complaint is possible").

{¶ 17} Plaintiff asserts that the trial court erred in dismissing the case pursuant to Civ.R. 41(B)(1), as "the record does not indicate that the trial Court gave any notice of its intent to dismiss the case." (Appellant's Brief, 10.) As noted above, Civ.R. 41(B)(1) allows for dismissal "after notice to the plaintiff's counsel." "The purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default." *Sazima v. Chalko*, 86 Ohio St.3d 151, 158 (1999). The notice given pursuant to Civ.R. 41(B)(1) need not be actual notice. *Id.* at 155-56. Rather, notice will be implied when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. *Quonset* at syllabus.

{¶ 18} During the first day of trial, the court clearly instructed the parties to return with certain evidence the following day. The court specifically told the parties to bring evidence regarding the "current balances" in their bank accounts, and informed the parties that the court would fine anyone who failed to provide the court with the evidence

it had requested. (Tr. 87.) On the second day of trial, before the presentation of evidence, the court told plaintiff that it would "dismiss this case for failure to adequately prosecute it" if the court felt it was not "getting the information that [it] need[ed] to render a decision." (Tr. 96-97.)

{¶ 19} Accordingly, the court provided plaintiff with direct notice of the court's intent to dismiss the case. Plaintiff knew that he was unprepared for trial, as the court had specifically requested evidence of the balances in plaintiff's bank accounts and plaintiff did not have that evidence with him. Plaintiff could have asked for a recess or continuance to acquire the information the court had requested, yet plaintiff decided to present his case-in-chief knowing that he was unprepared. As such, we find that plaintiff had adequate notice of the court's intent to dismiss the case for failure to prosecute, and had a reasonable opportunity to defend against the dismissal by complying with the court's orders. *See Foley v. Nussbaum*, 2d Dist. No. 24572, 2011-Ohio-6701, ¶ 29 (finding that the plaintiff had sufficient notice that his case would be dismissed, as "the trial court had expressly warned Foley that his failure to comply with discovery requests to provide information about his medical expenses and records could result in dismissal of his complaint").

{¶ 20} The trial court dismissed the action without prejudice, and there is nothing to prevent plaintiff from successfully refiling the action. Indeed, the trial court even noted in the dismissal entry that, when "Plaintiff and/or Defendant are prepared to re-file a Complaint for Divorce/Legal Separation or Petition for Dissolution, this Court would entertain a motion to waive his/her filing fee." (Decision and Entry, 2.) Accordingly, as plaintiff can refile the complaint, the trial court's dismissal of the action without prejudice is not a final appealable order. As such, this court is without jurisdiction to address plaintiff's assignments of error.

{¶ 21} Based on the foregoing, plaintiff's appeal is dismissed for lack of a final appealable order.

*Appeal dismissed.*

BROWN, P.J. and BRUNNER, J., concur.

————————————