[Cite as *Johnson v. Stone*, 2019-Ohio-4630.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### ALLEN COUNTY

JERRY M. JOHNSON,

    PLAINTIFF-APPELLANT,            CASE NO.  1-19-42

    v.

ROBERT J. STONE, ET AL.,          O P I N I O N

    DEFENDANTS-APPELLEES.


Appeal from Allen County Common Pleas Court
Trial Court No. CV 2018 0407

Appeal Dismissed

Date of Decision:   November 12, 2019


APPEARANCES:

    *J. Alan Smith* for Appellant

    *T. Blain Brock, II and Jason N. Flower* for Appellee,
        Superior Credit Union

    *Steven L. Diller and Adam J. Motycka* for Appellee,
        Robert J. and Mary J. Stone

**ZIMMERMAN, P.J.**

{¶1} Plaintiff-appellant, Jerry M. Johnson ("Johnson"), appeals the June 5, 2019 judgment entry of the Allen County Court of Common Pleas determining the priority of liens between Johnson and defendant-appellee, Superior Credit Union ("Superior"), fka, Superior Federal Credit Union. We dismiss for lack of a final, appealable order.

{¶2} This case stems from a judgment lien obtained by Johnson in the amount of $633,656.11 against Robert J. Stone ("Robert"), aka R. Jeffrey Stone, and Mary J. Stone ("Mary"), aka Mary Jo Stone (collectively, "the Stones"), which Johnson filed on August 14, 2018. On August 22, 2018, Johnson filed a complaint in foreclosure against the Stones, Superior, and the Allen County Treasurer seeking to enforce the judgement lien. (Doc. No. 1). In his complaint, Johnson alleged that his "judgment lien is a lien on the property subject only to the priority of any lien" of the Allen County Treasurer or "the mortgage lien filed December 19, 2006 in volume 2006, page 13790 in favor of" Superior. (*Id.*).

{¶3} The Allen County Treasurer filed its answer on August 28, 2018. (Doc. No. 3). On September 14, 2018, Superior filed its answer confirming that it "had a valid lien on the real property at issue by virtue of a mortgage recorded on December 19, 2006." (Doc. No. 8). The Stones filed their answer on September 20, 2018. (Doc. No. 9).

{¶4} On November 27, 2018, Johnson filed a motion for summary judgment seeking a judgment in his favor against the Stones. (Doc. No. 12). On December 19, 2018, Johnson voluntarily dismissed without prejudice Superior as a defendant to the case. (Doc. No. 15).

{¶5} The Stones filed a memorandum in opposition to Johnson's motion for summary judgment on January 15, 2019, arguing that summary judgment was not appropriate because Superior's mortgage "remains the first and best lien against the real property." (Doc. No. 17).

{¶6} On January 22, 2019, Johnson filed an amended judicial report reflecting that Superior recorded a release of mortgage on December 19, 2018, releasing the mortgage recorded in OR Volume 2018, Page 14129 on December 19, 2006 between it and the Stones. (Doc. No. 18). The Stones supplemented their memorandum in opposition to Johnson's motion for summary judgment on January 23, 2019, alleging that Superior mistakenly released the mortgage. (Doc. No. 19).

{¶7} Thereafter, on February 8, 2019, Superior filed a motion requesting that it be joined as defendant to the action. (Doc. No. 20). In its motion, Superior explained:

> As a result of a clerical error, [an] internal review inaccurately identified an undated loan titled to [Robert] that had been previously paid. This information was erroneously communicated to [Johnson]. [Johnson's legal counsel] prepared a Release of Mortgage on the Property, which was signed by Michelle Snyder on behalf of Superior

due to erroneous information she received regarding the status of the mortgage lien against the Stones.  On December 19, 2018, the release was recorded in the office of the Allen County Recorder.  That same day, Superior was voluntarily dismissed from the present action.

On January 16, 2019, [Robert] contacted Superior about the dismissal.  Upon review, Superior became aware of the error.  An employee of Superior wrongly concluded that the Stones' mortgage had been satisfied due to his observation of another, unrelated mortgage lien held by Superior.  Upon realizing the error, Superior prepared and recorded an Affidavit Relating to Title in the Allen County Recorder's Office. * * * The Stones recognized that the release of their mortgage was in error, and have continued to make payments on the underlying obligation to Superior despite the mistaken release.

(*Id.*).   On February 13, 2019, Johnson filed a memorandum in opposition to Superior's joinder motion.  (Doc. No. 21).  Superior filed its reply to Johnson's memorandum in opposition to its joinder motion on February 27, 2019.  (Doc. No. 22).  On March 8, 2019, the trial court granted Superior's motion and joined it as a defendant to the case.  (Doc. No. 23).

{¶8} On April 18, 2019, Superior filed a motion for equitable relief requesting that the trial court reinstate it to its position as the primary lienholder as to the property that is the subject of this case.  (Doc. No. 24).  On May 1, 2019, Johnson filed a memorandum in opposition to Superior's motion seeking equitable relief.  (Doc. No. 26).  On May 17, 2019, Superior filed its reply to Johnson's memorandum in opposition to its motion seeking equitable relief.  (Doc. No. 30).

On June 5, 2019, the trial court granted Superior's motion for equitable relief and reinstated it as the primary lien holder. (Doc. No. 32).

{¶9} Johnson filed a notice of appeal on July 3, 2019 and raises one assignment of error. (Doc. No. 33). Subsequently, Superior filed a motion to dismiss the appeal for lack of a final, appealable order.

## Assignment of Error

**The Trial Court's Decision that Superior Credit Union is Entitled to First Lien Priority Status Pursuant to the Doctrine of Equitable Subrogation is Against the Manifest Weight of the Evidence and is Contrary to the Law of the State of Ohio Where Superior Credit Union Lost its Lien Priority as the Direct Result of its Own Negligence When it had Exclusive and Complete Control Over the Means Necessary to Protect its Interests and Could Have Prevented the Predicament Which Caused it to Lose its First Priority Status.**

{¶10} Before we address the merits of Johnson's assignment of error, we must determine this court's jurisdiction to address the merits of this appeal.

{¶11} Ohio courts of appeal have jurisdiction to review only final, appealable orders of lower courts within their district. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. If an order is not final and appealable, the appellate court lacks jurisdiction and the appeal must be dismissed. *Dunham v. Ervin*, 10th Dist. Franklin No. 17AP-79, 2017-Ohio-7616, ¶ 10, citing *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207, 210 (4th Dist.1993), fn. 2. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

**{¶12}** "'An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met.'" *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 10, quoting *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5.

> When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, the court must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay.

*Nnadi v. Nnadi*, 10th Dist. Franklin No. 15AP-13, 2015-Ohio-3981, ¶ 12, citing *Gen. Acc. Ins. Co.* at 21. R.C. 2505.02 defines a final order as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am.Sub.S.B. 281 of the 124th general assembly * * *;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

R.C. 2505.02(B).

{¶13} "Civ.R. 54(B) provides that '[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.'" *Nnadi* at ¶ 14, quoting Civ.R. 54(B), and citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus and *State ex rel. Scruggs* at ¶ 5-7. "Civ.R. 54(B), however, is merely a procedural device. It cannot affect the finality of an order." *Gen. Acc. Ins. Co.* at 21.

> "Civ.R. 54(B) cannot abridge, enlarge, or modify any substantive right. It permits both the separation of claims for purposes of appeal and the early appeal of such claims, within the discretion of the trial court, but it does not affect either the substantive right to appeal or the merits of the claims."

*Id.*, quoting *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St.2d 158, 159 (1977). "'Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable.'" *Id.*, quoting *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255 (9th Dist.1981).

{¶14} The Supreme Court of Ohio recently clarified that "[f]oreclosure actions proceed in two stages, both of which end in a final, appealable judgment: the order of foreclosure and the confirmation of sale." *Farmers State Bank v. Sponaugle*, ___ Ohio St.3d ___, 2019-Ohio-2518, ¶ 18, citing *Roznowski* at ¶ 39. "The order of foreclosure determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale." *Id.*, citing *Roznowski* at ¶ 39 and R.C. 2323.07. *See Centex Home Equity Co. v. Williams*, 3d Dist. Hardin No. 6-06-07, 2007-Ohio-902, ¶ 16-17. "On appeal, parties may challenge the court's decision to grant the decree of foreclosure." *Sponaugle* at ¶ 18, citing *Roznowski* at ¶ 39.

{¶15} In this case, the trial court issued an entry determining the priority of liens in a foreclosure action in which an order of foreclosure has not yet been issued. To determine whether an order *only* setting the priority of liens (i.e., an order that does not reflect the other necessary components of an order of foreclosure) is a final,

appealable order, we must first determine whether the order is final under R.C. 2505.02.

**{¶16}** The Supreme Court of Ohio has held that "[i]n a mortgage foreclosure action, a journalized order determining that the mortgage constitutes the first and best lien upon the subject real estate is a judgment or final order from which an appeal may be perfected." *Queen City Sav. & Loan Co. v. Foley*, 170 Ohio St. 383 (1960), paragraph one of the syllabus. As our sister appellate district observed, "[w]hile at first glance this holding appears to control the jurisdictional issue in this case," it is not dispositive. *Gen. Elec. Credit Union v. Meadows*, 1st Dist. Hamilton No. C-150230, 2015-Ohio-5480, ¶ 3. Instead, a close review of *Queen City* reveals that it does *not* stand for the narrow proposition that an order determining only the propriety of liens in a foreclosure action (without the other components of an order of foreclosure) constitutes a final, appealable order. *Accord Ameriquest Mtge. Co. v. Middlebrooks*, 6th Dist. Lucas No. L-06-1006, 2007-Ohio-93, ¶ 18. Rather, the Supreme Court of Ohio's holding in *Queen City* reflects the court's jurisprudence reiterated in *Sponaugle*, which we previously addressed. *See Middlebrooks* at ¶ 19.

**{¶17}** Indeed, the foreclosure action at issue in *Queen City* "was prosecuted to a judgment and decree for sale," which established "two things of importance." *Queen City* at 384.

> First, it rendered a money judgment in favor of Queen City against the owners for the full balance found to be unpaid on the note secured by the mortgage on the subject premises, and, second, it found that at the moment of its recording that mortgage "thereby became and still is the first and best lien upon the said real estate."

*Id.* at 385. *After* the trial court issued its "Judgment and Decree for Sale," a lumber company appeared in the case by filing (with leave of court) its answer and cross-petition. Thereafter, the trial court issued a *subsequent* entry indicating that the lumber company's lien was subordinate to the lien held by Queen City. The Supreme Court concluded that the initial "Judgment and Decree for Sale" constituted a final, appealable order because it included the extent of Queen City's interest; the priority of the liens (of the parties who had appeared in the action); the other rights and responsibilities of each party; and an order for the property to be sold by sheriff's sale. Therefore, because that entry constituted a final and appealable order, the court concluded that the lumber company was required to "attack the correctness" of the "Judgment and Decree for Sale."[1]  *Id.* at 389-390.

{¶18} Here, we hold that the trial court's order setting only the priority of liens (i.e., an order that does not reflect the other necessary components of an order of foreclosure), is not a final order. *Accord Middlebrooks* at ¶ 26; *Mtge. Electronic*

---

[1] The Supreme Court of Ohio has subsequently reaffirmed its holding. *Ameriquest Mtge. Co. v. Middlebrooks*, 6th Dist. Lucas No. L-06-1006, 2007-Ohio-93, ¶ 18, fn. 1, citing *Oberlin Sav. Bank Co. v. Fairchild*, 175 Ohio St. 311, 312 (1963) and *Third Natl. Bank of Circleville v. Speakman*, 18 Ohio St.3d 119, 120 (1985).

*Registration Sys., Inc. v. Green Tree Servicing, LLC*, 9th Dist. Summit No. 23723, 2007-Ohio-6295, ¶ 9. *See Green Tree Servicing L.L.C. v. Columbus & Cent. Ohio Children's Chorus Found.*, 10th Dist. Franklin No. 15AP-802, 2016-Ohio-3426, ¶ 12. *Contra Huntington Natl. Bank v. 5777 Grant, L.L.C.*, 8th Dist. Cuyahoga No. 101412, 2014-Ohio-5154, ¶ 11, 14 (concluding "that a trial court order that determines the priority of liens with respect to real property is final and appealable, even if the court has not yet ordered foreclosure or sale of the property"); *KeyBank Natl. Assn. v. Southwest Greens of Ohio, L.L.C.*, 10th Dist. Franklin No. 11AP-920, 2013-Ohio-1243, ¶ 12, fn. 2 (concluding that an entry granting summary judgment in favor of "the lenders" establishing the priority of liens constituted a final, appealable order under *Queen City*); *One W. Bank, FSB v. Miller*, 5th Dist. Holmes No. 11CA013, 2011-Ohio-6467, ¶ 12 (concluding that an entry granting summary judgment in favor of the appellee as to the priority of liens constituted a final, appealable order under *Queen City* "despite the fact that no order of foreclosure has issued"); *TCIF REO GCM, L.L.C. v. Natl. City Bank*, 8th Dist. Cuyahoga No. 92447, 2009-Ohio-4040, ¶ 13-14; *Cardinal Fed. Sav. Bank v. Thomas & Thomas Const. Co.*, 11th Dist. Geauga No. 1334, 1987 WL 15712, *1 (Aug. 14, 1987) (concluding that the "appellant [was] precluded from attacking the validity of the trial court's judgment determining priority of the parties' respective liens because it "should have appealed from the May 12, 1986 judgment entry" determining the priority of

liens instead of "the July 9, 1986 judgment entry ordering foreclosure and sale of the property").[2]

{¶19} Under R.C. 2505.02(B)(1), for an order to be final, "the order '"must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court."'" *Columbus & Cent. Ohio Children's Chorus Found.* at ¶ 9, quoting *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989). Moreover, as we addressed above, a judgment decree in foreclosure fully disposes of liability if it "determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale." *Sponaugle*, ___ Ohio St.3d ___, 2019-Ohio-2518, at ¶ 18, citing *Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, at ¶ 39. "Thus, to qualify as a final order under R.C. 2505.02(B)(1), a foreclosure decree must account for each lienholder's interest and delineate each lienholder's rights." *Columbus & Cent. Ohio Children's Chorus Found.* at ¶ 9, citing *Roznowski* at ¶ 20-21, *Bank of Am .,*

---

[2] The Eighth District Court of Appeals recognized the conflict between the courts of appeal regarding whether an order determining the priority of liens (without the other necessary components of an order of foreclosure) is final and appealable. *See, e.g.*, *Huntington Natl. Bank v. 5777 Grant, L.L.C.*, 8th Dist. Cuyahoga No. 101412, 2014-Ohio-5154, ¶ 12.

*N.A. v. Flowers*, 10th Dist. Franklin No. 14AP-451, 2014-Ohio-5249, ¶ 15, quoting

*Second Natl. Bank of Warren v. Walling*, 7th Dist. Mahoning No. 01-CA-62, 2002-

Ohio-3852, ¶ 18, and *Whipps v. Ryan*, 10th Dist. Franklin No. 07AP-231, 2008-

Ohio-1216, ¶ 19, quoting *Davilla v. Harman*, 7th Dist. Mahoning No. 06 MA 89,

2007-Ohio-3146, ¶ 18. *See also Mtge. Electronic Registrations Sys. v. Mullins*, 161

Ohio App.3d 12, 2005-Ohio-2303, ¶ 21 (4th Dist.). Because the trial court has not

yet determined the extent of each lienholder's interest, determined the rights and

responsibilities of each party, or ordered the property to be sold, the order being

appealed in this case is not a final order under R.C. 2505.02(B)(1). *Columbus &*

*Cent. Ohio Children's Chorus Found.* at ¶ 10; *Middlebrooks* at ¶ 20 (concluding

that an order determining only the priority of liens did "not determine the action and

prevent a judgment since the case [was] not over yet"). *See also Sellman v. Schaaf*,

17 Ohio App.2d 69, 78 (3d Dist.1969) (concluding that an order establishing only

the priority of liens in a foreclosure action did not constitute a final order).

{¶20} "For an order to be final under R.C. 2505.02(B)(2), the order must

result from a special proceeding." *Columbus & Cent. Ohio Children's Chorus*

*Found.* at ¶ 11. "A '[s]pecial proceeding' is 'an action or proceeding that is

specially created by statute and that prior to 1853 was not denoted as an action at

law or a suit in equity.'" *Id.*, quoting R.C. 2505.02(A)(2). Foreclosure actions are

not special proceedings. *Id.*, citing *Flowers* at ¶ 14. Consequently, the trial court's

order setting the priority of liens at issue in this case is not a final order under R.C. 2505.02(B)(2). *Id.*; *Middlebrooks* at ¶ 20. Similarly, none of the remaining R.C. 2505.02(B) definitions of a "final order" confer final-order status on the trial court's entry determining the priority of liens at issue in this appeal. *Id.* at ¶ 12; *Id.* at ¶ 20, 26.

{¶21} Moreover, because we conclude that the order at issue in this case is not a final order under R.C. 2505.02(B), we need not address the applicability of Civ.R. 54(B). *Columbus & Cent. Ohio Children's Chorus Found.* at ¶ 13 ("Before Civ.R. 54(B) can apply, the order at issue must qualify as a final order under R.C. 2505.02(B)."), citing *Noble v. Cowell*, 44 Ohio St.3d 92, 96 (1989). *See also Mtge. Electronic Registration Sys.*, 2007-Ohio-6295, at ¶ 9. *But see Meadows* at ¶ 3, 6 (concluding that an order determining the priority of liens is final and can be appealable if it includes Civ.R. 54(B) language); *Bank One, Columbus, NA v. Jude*, 10th Dist. Franklin No. 02AP-1266, 2003-Ohio-3343, ¶ 16 (concluding that an order determining the priority of liens constituted a final and appealable order because it "expressly specified that it was a final, appealable order"); *Wells Fargo Bank v. Blenman*, 12th Dist. Butler No. CA2015-01-005, 2015-Ohio-3175, ¶ 9, 12 (concluding that an entry (which included a Civ.R. 54(B) certification) establishing the priority of liens constituted a final, appealable order under *Queen City*).

**{¶22}** Therefore, the trial court's order is not a final, appealable order, and we dismiss the appeal for lack of jurisdiction.

*Appeal Dismissed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**