[Cite as *Real Time Resolutions, Inc. v. Vogelpohl*, 2021-Ohio-1270.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Real Time Resolutions, Inc., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-241 |
| v. | : | (C.P.C. No. 18CV-9179) |
| James P. Vogelpohl et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

D E C I S I O N

Rendered on April 13, 2021

**On brief:** *Carlisle, McNellie, Rini, Kramer & Ulrich, Co., LPA*, and *Eric T. Deighton,* for appellee. **Argued**: *Eric T. Deighton*.

**On brief:** *Strayer Legal*, and *Herbert N. Strayer, Jr.,* for appellant. **Argued**: *Herbert N. Strayer, Jr.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendants-appellants, James and Deborah Vogelpohl, appeal a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment of plaintiff-appellee, Real Time Resolutions, Inc. For the reasons that follow, we dismiss the appeal because it does not present a final, appealable order.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 1, 2018, appellee brought a residential foreclosure action naming appellants and HSBC Bank USA, N.A., as Trustee on behalf of Ace Securities Corp., Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp., Home Equity Loan Trust, Series 2006-ASAP3, Asset Backed Pass-Through Certificates ("HSBC") as defendants. Appellee asserted that it is the holder of a promissory note that was modified pursuant to a loan modification agreement. Appellee alleged appellants are in default on

the note, which was secured by a mortgage on real property located at 6930 Shady Rock Lane, Blacklick, Ohio 43004. Appellee sought foreclosure of the mortgage and monetary judgment on the principal balance of $41,873.29 at an interest rate of 3.95 percent per annum from April 1, 2009.

{¶ 3}   On December 4, 2018, appellants filed an answer asserting a series of affirmative defenses.[1] HSBC filed an answer on December 19, 2018 claiming it has an interest in the property, and it holds a first mortgage lien on the property that is the subject of the foreclosure action. On January 3, 2019, appellee moved for summary judgment against appellants. After the trial court permitted additional time to conduct discovery, appellants filed a memorandum contra on July 12, 2019. In relevant part, appellants asserted that summary judgment was not appropriate claiming there remains a genuine issue of material fact regarding whether appellee's claims are barred under the doctrine of laches. Appellants provided personal affidavits along with an affidavit by a real estate agent, Richard Russo, as exhibits to their memorandum contra. A reply brief was filed on July 31, 2019.

{¶ 4}   On March 10, 2020, the trial court issued a decision granting summary judgment in favor of appellee. The trial court determined appellee had met its burden under Civ.R. 56, and appellants failed to demonstrate there was a genuine issue of material fact regarding whether appellee's claims were precluded under the doctrine of laches.

{¶ 5}   On April 9, 2020, appellants filed a notice of appeal. On May 29, 2020, the trial court filed an entry terminating the case and stated the entry constituted a final, appealable order. On June 9, 2020, the trial court filed an order vacating the May 29, 2020 entry and reinstating the case to the court's active docket. On June 13, 2020, the trial court stayed the case pending appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}   Appellants assign the following as trial court error:

> [I.] The Trial Court erred in holding that Appellants [sic] affidavits did not directly address paragraph 10 of the mortgage provision and therefore Appellants explanation as to why they were under the assumption that the Mortgage

---

[1] While appellants' December 4, 2018 filing was titled "Answer and Counterclaim," no counterclaims were asserted in the body of the pleading. The trial court granted appellee's motion to dismiss appellants' counterclaims on March 13, 2019. (Mar. 13, 2019 Decision & Entry.)

> Company had abandoned the loan was not acceptable to meet the elements of laches.
>
> [II.] The Trial Court Erred by failing to review the Affidavit of Richard Russo.

## III. LEGAL ANALYSIS

{¶ 7} Before this court can address the assignments of error, we must first consider whether this appeal has appropriately invoked our jurisdiction. Pursuant to Ohio Constitution, Article IV, Section 3(B)(2), courts of appeals have jurisdiction to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." It is well-established law that an order or judgment must be final before it is reviewed by an appellate court. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). "To properly lie within our jurisdiction, an appeal must arise from a final appealable order." *Leonard v. You Props.*, 10th Dist. No. 16AP-514, 2016-Ohio-7877, ¶ 8, citing Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03(A).

{¶ 8} An order is a final, appealable order if it meets the requirements of R.C. 2505.02. *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, ¶ 21, citing *Gehm* at ¶ 15. If the order satisfies R.C. 2505.02, the court must then resolve whether Civ.R. 54(B) applies and, if so, whether the order includes a certification that there is no just reason for delay. *Nnadi v. Nnadi*, 10th Dist. No. 15AP-13, 2015-Ohio-3981, ¶ 12, citing *Gen. Acc. Ins. Co.* at 21.

{¶ 9} Pursuant to R.C. 2505.02(B):

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy * * *;

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am.Sub.S.B. 281 of the 124th general assembly * * *;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶ 10} Civ.R. 54(B) states that "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54(B), however, is a procedural device and does not affect the finality of an order. *Gen. Acc. Ins. Co.* at 21. If a trial court's order is not final and appealable, then a reviewing court does not have jurisdiction to consider the case and it must be dismissed. *State v. Harvey*, 10th Dist. No. 19AP-165, 2019-Ohio-4022, ¶ 8, citing *Gen. Acc. Ins. Co.* at 20.

{¶ 11} In *Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, the Supreme Court of Ohio addressed what constitutes a final, appealable order in a foreclosure action stating:

> Foreclosure actions proceed in two stages, both of which end in a final, appealable judgment: the order of foreclosure and the confirmation of sale. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 39. The order of foreclosure determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale. *Id.*; R.C. 2323.07. On appeal, parties may challenge the court's decision to grant the decree of foreclosure. *Roznowski* at ¶ 39. Once the foreclosure decree is final and upon completion of the appeals process, the rights and responsibilities of the parties under the foreclosure decree may no longer be challenged. *Id.*

*Sponaugle* at ¶ 18.

{¶ 12} Accordingly, in order to constitute a final order under R.C. 2505.02(B)(1), a foreclosure decree must address each lienholder's interest and examine each lienholder's rights. *Green Tree Servicing LLC v. Columbus & Cent. Ohio Children's Chorus Found.*, 10th

Dist. No. 15AP-802, 2016-Ohio-3426, ¶ 9, citing *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 20-21. " ' "[A] judgment entry ordering a foreclosure sale is not final and appealable unless it resolves all of the issues involved in the foreclosure, including the following: whether an order of sale is to be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due the various claimants." ' " *Green Tree Servicing LLC* at ¶ 9, quoting *Whipps v. Ryan*, 10th Dist. No. 07AP-231, 2008-Ohio-1216, ¶ 19, quoting *Davilla v. Harman*, 7th Dist. No. 06 MA 89, 2007-Ohio-3146, ¶ 18.

{¶ 13} In the case sub judice, appellants have appealed from the trial court's March 10, 2020 decision granting appellee's motion for summary judgment. The decision, however, did not resolve what liens must be marshaled before distribution is ordered, the priority of any such liens, the amounts that are due the various claimants, including HSBC, determine the other rights and responsibilities of each party in the action, or whether an order of sale is to be issued.[2] As acknowledged by the parties during oral arguments, the filing of this appeal was premature.

{¶ 14} Given these facts, we conclude that the trial court's decision is not a final order under R.C. 2505.02(B), and we do not need to review the applicability of Civ.R. 54(B). *Green Tree Servicing LLC* at ¶ 13, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989) (finding that before Civ.R. 54(B) can apply, the order must meet the requirements of a final order under R.C. 2505.02(B)).

{¶ 15} As such, this court lacks jurisdiction over this appeal and we must dismiss.

## IV. CONCLUSION

{¶ 16} For the foregoing reasons, we conclude that we lack jurisdiction over the March 10, 2020 decision. Accordingly, we dismiss this appeal.

*Appeal dismissed.*

BROWN and KLATT, JJ., concur.

_____

[2] We further observe that, although the trial court did enter a judgment entry for this case as a final, appealable order on May 29, 2020, the trial court filed an order to vacate the entry and reinstated the case to the court's active docket on June 9, 2020. The case was then stayed pending appeal on June 13, 2020.